WILLIAM THATCHER, Appellant, v. B. E. DE TAR.—No. 38484.—173 S. W. (2d) 760.

Division Two, August 27, 1943.

604

*Louis N. Wolf* for appellant.

*Seiler, Blanchard & Van Fleet, Herbert Van Fleet, McReynolds & Flanigan* and *John H. Flanigan, Jr.,* for respondent.

WESTHUES, C.—This case involves an interpretation of section 1016, Mo. Rev. St. Ann. (1939), which requires malpractice suits to be filed within two years from the date of the act of negligence complained of. Plaintiff filed suit against defendant seeking $10,000.00 in damages. The trial court sustained defendant's demurrer and plaintiff refused to plead further. His petition was dismissed and judgment entered whereupon plaintiff appealed.

The petition was filed on August 29, 1941. The allegations thereof in substance are, that in August, 1937, plaintiff [761] employed the defendant professionally and was advised that he was suffering from appendicitis; that plaintiff submitted to an operation for the removal

606

of the appendix on August 25, 1937; that during the course of the operation defendant permitted a surgical needle to remain in plaintiff's body; that thereafter defendant continued to treat plaintiff until October, 1939, without any relief from his condition; that in October, 1939, plaintiff obtained the services of other physicians and on September 16, 1940, submitted to another operation, when he learned for the first time that his pain and disability, after the operation performed by the defendant, were due to and caused by the presence of said needle.

Appellant in his statement, which was adopted by respondent, summarized the charges of negligence as follows:

"1. The defendant negligently failed to exercise proper care or skill in performing said operation in that during the course of said operation the defendant negligently caused, allowed and permitted a surgical needle to be and remain in said wound.

"2. The defendant negligently failed to remove said needle from plaintiff's body.

"3. The defendant after said operation negligently treated the plaintiff until October, 1939.

"4. The defendant, during said period from said operation to October, 1939, negligently failed to discover the presence of said needle.

"5. The defendant during said period following said appendectomy up to October, 1939, negligently failed to X-ray the plaintiff although the defendant knew, as he stated in his deposition given on August 5, 1942, that such X-ray of plaintiff was advisable.

"6. The defendant, in the respects aforementioned, negligently failed to exercise the degree of care and skill commonly exercised by physicians and surgeons in Joplin and in the State of Missouri in the performance of such appendectomy and in the post-operative treatment."

Respondent contends that plaintiff's cause of action was barred by the statute of limitations because the only actionable negligence on part of the defendant consisted in permitting the needle to remain in the operative incision on August 25, 1937, and that therefore the demurrer was properly sustained.

Appellant, under points and authorities, states:

"Suit was brought August 29, 1941, for defendant's negligence which began on August 25, 1937, when the appendectomy was performed, and ended in October, 1939, when defendant's post-operative treatment ceased. Thus, the suit was within two years after the 'act(s) of neglect complained of.' "

Appellant and respondent in their briefs assert that no appellate court in this state has directly passed upon the point in question. Many cases from other jurisdictions were cited. In considering this question we should keep in mind that statutes of limitation are

statutes of repose enacted for the purpose of preventing the assertion of stale claims. 37 C. J. 684, sec. 2. The statute in question, section 1016, supra, provides:

"Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of."

Article IX, ch. 6 of the statutes governs limitations of actions. The first section of this article, being section 1012, provides as follows:

"Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued: *Provided,* that for the purposes of this article, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

Note that the legislature in express terms provided that this section shall apply to the sections following. Section 1016, supra, is therefore one of the sections affected. Taking the allegations of the petition as true the defendant was employed to treat plaintiff and undertook to relieve him of his ailment by the performance of an operation. The treatment continued until October, 1939. Defendant was not only employed for the operation but for the purpose of the treatment of plaintiff after the operation. The petition [762] charged the defendant with negligence in permitting the needle to remain in plaintiff's body and also with negligence in failing to properly treat plaintiff thereafter and in negligently failing to discover the presence of the needle. Taking a common sense view of the situation, and one in harmony with justice, the conclusion seems apparent that the statute of limitations did not begin to run against plaintiff until the treatment by the defendant ceased. Certainly plaintiff has but one cause of action against the defendant wherein he can recover for defendant's negligence in the treatment of his ailment. The negligent act complained of was not only the leaving of the needle in plaintiff's body but the subsequent negligent treatment in failing to discover it. That conclusion is not only in harmony with the apparent legislative intent but is supported by an abundance of authority. In his brief respondent quoted the following taken from 41 Am. Jur. 233, par. 123:

"The statute of limitations on an act of malpractice ordinarily runs in favor of the physician or surgeon from the time of the negligent act, rather than from the time of the consequential injury."

That is the end of the quotation in respondent's brief. But, let us read on and quote what follows:

"The general rule is not without exceptions. Thus, it has been held that the statute does not commence running until treatment by the physician or surgeon has terminated, where the treatment is continuing and of such nature as to charge the medical man with the duty of continuing care and treatment which is essential to recovery until the relation ceases, although there are cases in which this view is not accepted by the court, in some of which want of continuity of treatment seems to have controlled the court. It has been held, too, that where injury does not immediately become apparent to the patient, the statute begins to run in favor of the physician when the injury so appears as to put the patient on notice and inquiry and not at a later period when a malignant condition develops therefrom, or the injury becomes permanently fixed."

See also annotations on this subject in 74 A. L. R., page 1322, and the following cases: Gillette v. Tucker, 67 Ohio St. 106, 65 N. E. 865; Bowers v. Santee, 99 Ohio St. 361, 124 N. E. 238. In Schmit v. Esser, 178 Minn. 82, 226 N. W. 196, 74 A. L. R. 1322, the court tersely stated:

"We think the treatment and employment should be considered as a whole, and if there occurred therein malpractice, the Statute of Limitations begins to run when the treatment ceases."

In 74 A. L. R., annotations 1322, the following statement is made:

"A substantial number of jurisdictions, however, have adopted the rule that the limitation period does not begin to run until the treatment ceases."

Some of the jurisdictions mentioned and referred to are California, Minnesota, New York, Ohio and Wisconsin.

Let us examine a number of the authorities cited and relied on by respondent. In Becker v. Floersch, 153 Kan. 374, 110 Pac. (2d) 752, the gravamen of plaintiff's cause of action was that the defendant negligently treated plaintiff by means of X-ray from January, 1935, to February, 1936. The specific charge was that too numerous such treatments were administered causing her permanent injury. The petition alleged that the defendant treated plaintiff thereafter until 1939. The court seems to have considered the case as though the treatment complained of ceased with the X-ray treatments in February, 1936, and the statute of limitations began to run at that time. Suppose, however, that the suit had been filed in January, 1938, would the court have held that the statute had run against all damages caused by X-ray treatments administered prior to January, 1936? That question of course was left unanswered because it was not in the case. The case of Ogg v. Robb, 162 N. W. (Iowa) 217, is not in point on the question under consideration. The plaintiff in that case claimed injury because of X-ray burns administered by the defendant in 1901. Suit was filed in 1915. The question determined in that case was whether fraud on part of the defendant prevented a three year statute of limitations from running against the claim. Neither do we consider the case

of Hahn v. Claybrook, 100 Atl. (Md.) 83, in point. Plaintiff there sued for negligent treatment by the defendant between the years 1904 and 1910. Suit was filed in 1915. A three year statute of limitations was involved. The court held that plaintiff's evidence showed that her skin began to discolor in the year 1908. The gist of the action was discoloration of the skin. The conclusion of the court was that the statute began to run when the injury was discoverable, that being in 1908, more than three years before suit was filed. [763] When that case is analyzed it seems to be authority against defendant, but since the precise point which is now before us was not considered we need not consider the case further. In Cappuci v. Barone, 266 Mass. 578, 165 N. E. 653, plaintiff sued the defendant for malpractice in the performance of an operation upon her. No contention was made that the defendant had been negligent in any manner except in the performance of the operation on May 11, 1924. Suit was filed September 28, 1926. The court held the action barred by the two year statute of limitations.

An examination of the cases convinces us that the overwhelming weight of authority is, that where the facts are as disclosed in plaintiff's petition the statute of limitations does not begin to run until the treatment of plaintiff's ailment by the defendant ceases. That conclusion is in harmony with our legislative expression on the subject, as illustrated by the statutes above quoted, and also in harmony with the overwhelming weight of authority.

The judgment is therefore reversed and the cause remanded for trial. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.