Joseph J. **VENTIMIGLIA**, Jr., etc., **Plaintiffs-Appellants**,

v.

**CUTTER LABORATORIES, et al., Defendants-Respondents.**

No. 50162.

Missouri Court of Appeals, Eastern District, Division One.

April 8, 1986.

Casey & Meyerkord, Stephen F. Meyerkord, St. Louis, for plaintiffs-appellants.

Kortenhof & Ely, K. Steven Jones, St. Louis, for defendants-respondents.

CARL R. GAERTNER, Presiding Judge.

On June 8, 1981, Dr. Forbes A. McMullin, an orthopedic surgeon, set Joseph J. Ventimiglia, Jr.'s fractured forearm in a cast manufactured by Cutter Laboratories. Soon after the cast was applied, the skin beneath it began to burn. Ventimiglia, Jr., a minor, by and through his next friend and natural guardian, Joseph J. Ventimiglia, Sr., and Joseph J. Ventimiglia, Sr. in his own right sued Dr. McMullin and Cutter Laboratories for damages. Their second

amended petition, filed October 8, 1984, alleged the cast was defective and that it had been negligently applied. Dr. McMullin moved for summary judgment before trial asserting that because plaintiffs' claims against him were based on alleged medical malpractice they were barred by § 516.105, RSMo.1978, a two-year statute of limitations. The trial court granted the motion and dismissed plaintiffs' claims against Dr. McMullin with prejudice. Plaintiffs' claims against Cutter Laboratories, based on products liability and subject to a different statute of limitations, remain pending. Plaintiffs appeal. We reverse.

Asserting the order granting his motion for summary judgment is not a final judgment within the meaning of § 512.020, RSMo.1978, McMullin challenges our jurisdiction to hear plaintiffs' appeal. When the issue before us is whether a trial court's order is a final judgment, we are guided by the statute and Supreme Court Rule 81.06. Rule 81.06 provides:

When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo., unless specifically so designated by the court in the judgment entered.

The hearing on McMullin's motion for summary judgment was a "separate trial ... before the court without a jury," within the meaning of Rule 81.06. *Title Insurance Corp. of St. Louis v. United States*, 432 S.W.2d 787, 790 (Mo.App.1968). The trial court designated the order granting McMullin's motion a final judgment for purposes of appeal. Though we are not bound by the designation, we find it was appropriate. The order, if valid, extinguishes plaintiffs' right to recover against McMullin for his alleged medical malpractice, and its validity is not in any way contingent upon the outcome of plaintiffs' products liability suit against Cutter Laboratories. The order is therefore a judicial

unit distinct from any judgment or order that may be entered in the action pending against Cutter Laboratories. As such, it was properly designated a final judgment and we may consider the merits of plaintiffs' appeal. *Klippel v. Watkins*, 667 S.W.2d 28, 30 (Mo.App.1984).

■ Dr. McMullin sought summary judgment on the ground that § 516.105 barred plaintiffs' medical malpractice claims. Section 516.105 states in pertinent part:

All actions against physicians ... for damages for medical malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten shall have until his twelfth birthday to bring action....

The record before us indicates plaintiffs initiated their action against Dr. McMullin more than two years after Dr. McMullin's alleged act of neglect. The Missouri Supreme Court recently declared § 516.105 unconstitutional as applied to minors. *See Strahler v. St. Luke's Hospital*, 706 S.W.2d 7 (1986). Section 516.170 is the statute of limitations that now applies to a minor plaintiff's medical malpractice claim. It provides that § 516.105's period of limitations is tolled until the minor plaintiff reaches majority. Because Ventimiglia Jr.'s action was initiated during his minority, it was not barred. The order dismissing his claim must therefore be reversed.

■ We now turn to consider whether the record supports granting Dr. McMullin's summary judgment on Ventimiglia, Sr.'s claim. Summary judgment is properly granted only when the pleadings and the evidence before the court show there is no genuine issue as to any material fact and one of the parties is entitled to judgment as a matter of law. Supreme Court Rule 74.-04(c). Plaintiffs assert the order granting Dr. McMullin's summary judgment must be reversed because the record shows a genuine issue of fact material to whether the two-year statute of limitations has run remains unresolved. We agree.

Though plaintiffs initiated their suit against Dr. McMullin more than two years after McMullin set the younger plaintiff's fracture, and § 516.105 generally bars medical malpractice claims brought more than two years after the "occurrence of the act of neglect complained of," the two year period does not begin to run against a plaintiff until the defendant ceases to treat the injury caused by the act of neglect. *Thatcher v. De Tar*, 351 Mo. 603, 173 S.W.2d 760, 762 (1943). In their second amended petition plaintiffs alleged Dr. McMullin treated the younger plaintiff for his burns until September 6, 1983. If plaintiffs' allegation is true, their suit against Dr. McMullin was timely filed. Dr. McMullin, however, denies the allegation, asserting in his motion that he last treated the younger plaintiff's burns on January 8, 1982. If Dr. McMullin's assertion is true, Ventimiglia Sr.'s action against him is barred.

The record leaves the issue unresolved. Though Dr. McMullin asserts he last treated the younger plaintiff's burns on January 8, 1982, his own deposition testimony, which he offered as support for his motion, calls his assertion into question. At his deposition Dr. McMullin admitted he treated Ventimiglia, Jr. for knee and foot pain in September, 1983. Plaintiffs' counsel then asked:

Q. (BY MR. CASEY) And, Doctor, on that last visit, September 6th, 1983, did you also make inspection concerning the wounds that the child had suffered on his arm as to the extent of healing therein and to—also concerning the healing of the fracture for which you had provided him the treatment?

A. I remember this young man when he came back, a year and half or so later, and I just asked if I could take a look at his forearm to see how the scars were coming along.

Q. You did do that on September 6, 1983?

A. I recall glancing at them.

Q. That was in the course of the follow-up care for treatment you had previously extended to him?

A. Yes.

Though Dr. McMullin's answers on deposition do not conclusively establish he treated Ventimiglia, Jr.'s burns on September 6, 1983, neither do they conclusively establish he did not. When the question on appeal is whether a motion for summary judgment was properly granted, we review the entire record in the light most favorable to the party against whom summary judgment has been entered. *Fisher v. Scott and Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App. 1984). Reviewing the record in the light most favorable to plaintiffs, we find that whether Dr. McMullin treated Ventimiglia, Jr. for his burns on September 6, 1983 remains an issue of fact material to whether the statute of limitations bars Ventimiglia, Sr.'s claim. Summary judgment was therefore improperly granted.

The judgment is reversed and the cause remanded.

SMITH and SNYDER, JJ., concur.