Harold J. MADDOX,
Plaintiff-Appellant,

v.

TRUMAN MEDICAL CENTER, INC.
and Hospital Health Services Corp.,
Defendants-Respondents.

No. WD 38247.

Missouri Court of Appeals,
Western District.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 31, 1987.

Harold J. Maddox, North Kansas City, for plaintiff-appellant.

Edward H. Sheppard, Timothy S. Frets, Peter F. Travis, and John P. Poland of Baker & Sterchi, Kansas City, for defendants-respondents.

Before TURNAGE, P.J., and SHANGLER and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

Harold J. Maddox filed suit against Truman Medical Center and Hospital Health Services Corp. for the loss of consortium of his wife, Marjorie, because of alleged medical malpractice. The court entered summary judgment in favor of the defendants on the grounds that the suit was not timely filed and that Maddox did not have a claim because his wife failed to file suit for her injuries within the prescribed time. Reversed and remanded.

The petition alleged that Maddox was the lawful husband of Marjorie. Prior to August 25, 1983 Marjorie underwent a left

lung biopsy at Truman, and the physician reported to Marjorie that the tissue was cancerous. It was further alleged that Marjorie elected to have surgery rather than undergo radiation or chemotherapy treatment and that on August 25, 1983 one-half of her left lung was surgically removed. It was further alleged that the portion of the lung removed was sent to the hospital pathology department, and the report was given to the surgeons that the lung was not cancerous. The petition alleged that when Marjorie regained sufficient consciousness to comprehend, she was told that a miracle had occurred and the cancer was gone.

The petition alleged that the physicians were negligent in examining the lung tissue taken prior to surgery and diagnosing it as being cancerous when it was not or that there was negligence in mis-labeling or mis-identifying cancerous tissue taken from some other patient. It was further alleged that, as a direct and proximate result of the negligence and the lung surgery, Marjorie suffered a substantial reduction in her physical stamina, became depressed, and experienced physical difficulty, all of which caused Maddox to lose Marjorie's services, society and companionship. It was further alleged that because of the negligence and resulting surgery, Marjorie's physical and mental injuries were permanent and progressive.

Truman and Hospital Health contend that Maddox failed to file his petition within the two years provided by § 516.105, RSMo 1978, which prescribes a two year limitation on actions against health care providers.[1] They base their contention that the suit was not timely filed on allegations in the petition that the specimen was taken from Marjorie and a biopsy performed prior to August 25, 1983. Truman and Hospital Health contend that Marjorie was a patient in the hospital on two different occasions—the first in early August and the second at the time the surgery was performed on August 25, 1983. They contend that the only allegations of negligence in the petition relate to the first hospitalization, which was prior to August 20, 1983, and therefore the petition filed on August 20, 1985 was time barred.

■■■ To determine the cause of action pleaded by petition the court must read the petition "from its four corners" and in its entirety, giving the language its plain and ordinary meaning and such interpretation as fairly appears to have been intended by the pleader. *Gover v. Cleveland,* 299 S.W.2d 239, 242[5–6] (Mo.App.1957). Read from that perspective, the petition states a cause of action based upon the performance of an unnecessary surgery on Marjorie on August 25, 1983. The allegations of specific negligence in diagnosing the lung tissue as cancerous when it was not and mis-labeling or mis-identifying some other patient's cancerous tissue as Marjorie's are allegations describing the background for the unnecessary surgery. While the petition does not allege the cause of action as clearly as it might, taken as a whole it alleges that Marjorie's injury was caused by surgery on August 25, 1983, when one-half of her left lung was removed for no reason. The petition does not allege any damage resulting from the actions taken prior to surgery, but alleges damages resulting from the completely unnecessary removal of one-half of Marjorie's left lung.

Reading the petition as this court must and giving it such interpretation as fairly appears to have been intended by the pleader, this court concludes that the cause of action is one for unnecessary surgery performed on August 25, 1983. It necessarily follows that the petition filed on August 20, 1985 was within the two year period and was thus timely. For that reason it is unnecessary to determine whether the amended petition filed on December 5, 1985 relates back to the date the first petition was filed.

■■■ Truman and Hospital Health next argue that even if Maddox's claim was timely filed, it became barred when his

---

1. The parties assume that the two year limitation period applicable to Marjorie's claim is also applicable to the loss of consortium claim.

Therefore, this court will also indulge that assumption without deciding its correctness.

wife later allowed the statute of limitations to run on her claim without filing suit.[2] They argue that since Maddox's consortium claim was derivative from his wife's malpractice claim, Maddox's claim was defeated when his wife allowed the statute of limitations to run on her claim.

In support of their argument Truman and Hospital Health rely on *Knox v. North American Car Corp.*, 80 Ill.App.3d 683, 35 Ill.Dec. 827, 832, 399 N.E.2d 1355, 1360 (1980), in which an Illinois appellate court held that a timely-filed consortium claim would be barred when the injured spouse's claim was time-barred.

At the outset, it should be noted that *Knox* has been overruled. In *Hammond v. North America Asbestos Co.*, 97 Ill.2d 195, 73 Ill.Dec. 350, 358, 454 N.E.2d 210, 218 (1983), the Illinois Supreme Court held that a consortium claim governed by a longer statute of limitations than that applicable to the injured spouse's claim could proceed, though the underlying claim was time-barred. *Accord, Stapleton v. Palmore*, 250 Ga. 259, 297 S.E.2d 270, 272 (1982) (dictum); *Board of Commissioners v. Nevitt*, 448 N.E.2d 333, 341 (Ind.App. 1983).

This court concludes that under Missouri law, a timely-filed consortium claim should not be precluded merely because the injured spouse has allowed the underlying claim to become time-barred.

Though a consortium claim is derivative from the injured spouse's claim and therefore depends on the validity of the underlying claim, *Burrow v. Moyer*, 519 S.W.2d 568, 572 (Mo.App.1975), the consortium claim and the underlying claim exist to compensate the different losses the two spouses suffer. The injured spouse's claim, of course, compensates his own losses from the injury, while the consortium claim compensates the other spouse for a whole complex of financial and sentimental losses resulting from the injured spouse's injury. *Bly v. Skaggs Drug Centers, Inc.*, 562 S.W.2d 723, 728 (Mo.App.1978). Given

the distinct purposes of the two claims, it would be anomalous to allow the injured spouse to waive the second spouse's valid claim for compensation. "[P]lacing actions in a derivative posture does not give one party the right to waive the rights of another." *Rosander v. Copco Steel & Engineering Co.*, 429 N.E.2d 990, 991 (Ind.App. 1982).

█ Holding that a timely consortium claim can proceed, though the underlying claim is time-barred, does not contradict the *Burrow* requirement that the consortium claim be founded on a "valid" underlying claim. General statutes of limitation are merely procedural, rather than substantive. *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938, 946 (Mo.App. 1982). They may preclude a remedy, but they do not extinguish the underlying right. *Walls v. Walls*, 673 S.W.2d 450, 451 (Mo.App.1984). Thus, though the running of the statute on the injured spouse's claim bars his remedy, it does not render his claim invalid and should not bar his spouse's derivative claim. The *Nevitt* court discussed this same concept:

> [A]lthough a wife's claim for loss of consortium is 'derivative' from her husband's claim for his injuries, the husband's inability to recover for his injuries does not necessarily preclude his wife's claim for loss of consortium.
>
> Rather, the claim for loss of consortium will be barred only when the injured spouse's claim is completely invalid ...
>
> Where, however, an injured husband's recovery is prevented by a procedural bar unrelated to the merits of his claim, his claim should be viewed as valid, for the purpose of supporting his wife's claim for loss of consortium.

448 N.E.2d at 341.

The *Nevitt* court's reasoning accords with the holding of *Shepherd v. Consumers Cooperative Association*, 384 S.W.2d 635 (Mo. banc 1964), in which the husband's settlement of his personal injury suit did

---

**2.** Maddox states in his brief that for reasons personal to herself, Marjorie has not filed suit

for her injuries.

not bar his wife's consortium action. *See generally,* Annot., 29 A.L.R.4th 1200 (1984). This court agrees with *Nevitt* and holds that the failure of one spouse to sue for injuries within the statute of limitations does not bar a suit for loss of consortium that was timely filed.

Because Maddox timely filed his consortium claim, his cause will not be barred by Marjorie's failure to file her claim within the statutory period of limitation.

This case is reversed and remanded.

All concur.