## CHRYSLER CREDIT CORPORATION, Respondent,

v.

## Dorsey SCHROEDER and Rosemary Schroeder, Appellants.

### No. 51473.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 17, 1987.

Irwin M. Roitman, Clayton, for appellants.

James E. Hawk, Jr., Hawk & Mattingly, Clayton, for respondent.

CRIST, Judge.

Appeal from a summary judgment in favor of Chrysler Credit Corporation (creditor) against the Schroeders (guarantors) in the amount of $441,801.82. We reverse and remand.

Guarantors were the sole shareholders in Dodge City, Ltd., a car dealership. As a prerequisite to being granted the dealership, guarantors had to sign a continuing guarantee in creditor's favor. Due to the financial problems of the dealership, creditor obtained a replevin of all the inventory, parts and miscellaneous assets of the dealership and forced the dealership into involuntary bankruptcy. Having failed to fully recover the debt owed to it, creditor filed this suit to recover the deficit from guarantors. Thereafter, the trial court sustained creditor's motion for summary judgment.

In considering a summary judgment, the evidence must be viewed in the light most favorable to the party opposing summary judgment. *Hohenstreet v. Sterling National Land Co.,* 706 S.W.2d 80, 86 [17] (Mo.App.1986). However, the party opposing summary judgment must aver specific facts and not just doubts or speculations about a material issue. *Steinberg v. Fleischer,* 706 S.W.2d 901, 904 [1] (Mo.App. 1986).

The summary judgment was improvidently issued because there were genuine issues raised concerning the amount owed by the dealership. Guarantors claimed some of the replevied cars were auctioned off in a commercially unreasonable manner and failed to bring an adequate price. There were also objections to the sales involving other inventory.

In their affidavits, guarantors have alleged specific defects in the auctioning off of some of the cars. It was claimed that at the time of the auction the local market for the sale of new Chrysler cars was depressed. It was claimed that to conduct the auction in a commercially reasonable manner, buyers from outside the immediate area would have had to have been brought to the sale. This could have been accomplished by properly advertising the sale. It was also claimed that false statements were made concerning the odometer readings on the cars. Based on their experience in the automobile industry, the guarantors claim at least $27,000 more would have been generated if the correct odometer readings had been revealed.

Creditor claims the fact a better price may have been gotten if there had been better advertising is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. *Jefferson Bank & Trust Co. v. Horst,* 599 S.W.2d 201, 203 [4] (Mo.App.1980). Creditor also claims guarantors' affidavits allege conclusions instead of specific facts. *Mercantile Trust Co. v. Carp,* 648 S.W.2d 920, 925 [15] (Mo.App.1983). While several of the claimed defects do not contain specific facts, we have already listed some that are more than mere conclusions. While the court in *Horst* was satisfied, after considering the record, that the sale of secured property was commercially reasonable, we cannot make a similar determination on the record before us. Creditor's affidavit only showed that an auction was held and certain amounts of money were collected. Considering the numerous claimed defects in the light most favorable to guarantors, we cannot say summary judgment was proper in this case.

Judgment reversed and remanded.

SNYDER, C.J., and KELLY, J., concur.