**RITTER BRICKWORK CO., INC., a Missouri Corporation, Appellant,**

v.

**Charles D. ABSHER and M. Victoria Absher, his wife, Respondents.**

No. 52639.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 1, 1987.

Dennis C. Brewer, Perryville, for appellant.

Kim R. Moore, Toohey & Moore, Perryville, for respondents.

CRIST, Judge

Appellant (contractor) appeals the dismissal of its petition on account for money due on a brickwork job on respondents' (owners) residence by reason of an accord and satisfaction. We reverse and remand.

Contractor filed its petition alleging it had not been fully paid for labor and materials used in the construction on owners' residence. The petition alleged the bill came to $14,638.59, owners had paid $8,241.26, and a balance of $6,397.33 remained to be paid.

Owners filed a verified motion to dismiss alleging contractor had agreed to do the job for $9,500, and there was a dispute as to the amount due. Owners delivered a check to contractor in the amount of $8,241.26 on which was inscribed: *"labor paid in full for brickwork on Route # 1, Box 217AA, St. Marys, Missouri."* (Emphasis added.) Contractor marked through this language and cashed the check.

Contractor filed verified "suggestions in opposition to motion to dismiss" stating: There was no dispute that $8,241.26 was due and owing; there were additional sums over and above that amount which were in dispute; there were to be further discussions, and owners sent contractor home with the check without informing contractor of the writing on the check.

While the trial court entered judgment on a motion to dismiss, we will consider the judgment as one for summary judgment. Rules 55.27(a) and 74.04. *But see Bestor v. American National Stores, Inc.,* 691 S.W.2d 384, 386 [1] (Mo.App.1985) (accord and satisfaction is an affirmative defense). We view the evidence in a light most favorable to the party opposing summary judg-ment. *Chrysler Credit Corp. v. Schroeder,* 724 S.W.2d 726, 727 (Mo.App.1987).

The petition asks for money for *labor* and *materials.* The restriction on the check was for payment in full for *labor.* The check on its face does not show acceptance in full of the amount alleged to be due in the petition. Accordingly, there was no accord and satisfaction shown by the petition, verified motion and verified suggestions. Further, there can be no accord and satisfaction if there is a settlement at less than the debt both parties agreed was due and owing. *See Majestic Building Material Corp. v. Gateway Plumbing, Inc.,* 694 S.W.2d 762 (Mo.App. 1985).

Judgment reversed and remanded.

SATZ, P.J., and KELLY, J., concur.