Letha M. **LORSBACH** and Cecil Lorsbach, Respondents,

v.

**PLASTIC SURGERY CONSULTANTS, LTD., and Bart Lissner, M.D., Deceased, Appellants.**

No. 52389.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 26, 1988.

Application to Transfer Denied March 15, 1988.

Robert S. Rosenthal, T. Michael Ward, Catherine Rene McBride, St. Louis, for appellants.

Charles P. Todt, Clayton, for respondents.

CRIST, Judge.

Defendants appeal a $10,000 judgment in favor of Letha M. Lorsbach for medical malpractice. We affirm.

Letha Lorsbach had a history of breast lumps. She had several lumps surgically removed, and eventually decided to have a breast stripping procedure performed to eliminate the risk of breast cancer.

After several discussions with defendant, Dr. Bart Lissner, Mrs. Lorsbach was admitted to Christian Northeast Hospital to have the surgery on February 10, 1981.

After the operation, Mrs. Lorsbach was disappointed with the appearance of her breasts. Dr. Lissner merely urged Mrs. Lorsbach to "give them time." In the months following the operation, Mrs. Lorsbach consulted Dr. Lissner several times regarding the unsatisfactory appearance of her breasts and various complications from the surgery. Dr. Lissner urged her to "give it time" asserting "eventually they would drop."

Eight months after the operation, Mrs. Lorsbach consulted again with Dr. Lissner. At this point, Dr. Lissner told her another operation needed to be done. Mrs. Lorsbach did not authorize the second surgery, but sought the professional opinions of two other physicians, Dr. Brennan and Dr. Londe. Dr. Londe eventually performed the corrective surgery for Mrs. Lorsbach. On February 28, 1983, Mrs. Lorsbach filed this action for medical malpractice.

The sole issue on appeal is whether Mrs. Lorsbach's claim was barred by the statute of limitations. The applicable statute of limitations is the two-year period called for in § 516.105, RSMo 1986. Thus, unless we find the statute of limitations was tolled for some reason, Mrs. Lorsbach's claim would be barred.

Mrs. Lorsbach was under the care and treatment of Dr. Lissner for several months after the operation due to complications from the operation itself. We have held in cases involving the medical malpractice statute of limitations that "the two year period does not begin to run against a plaintiff until the defendant ceases to treat

the injury caused by the act of neglect." *Ventimiglia v. Cutter Laboratories,* 708 S.W.2d 772, 774 (Mo.App.1986), rev'd on other grounds, *Speck v. Union Elec. Co.,* 731 S.W.2d 16 (Mo.banc 1987); *Thatcher v. DeTar,* 351 Mo. 603, 173 S.W.2d 760, 762 (1943). Therefore, the statute of limitations was tolled during Dr. Lissner's subsequent treatment of Mrs. Lorsbach regarding the breast stripping operation, and her claim is not barred by § 516.105.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.