Timothy C. SHROYER, Appellant,

v.

Norman G. McCARTHY, D.O., Respondent.

No. WD 40680.

Missouri Court of Appeals, Western District.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

David Edward Martin, Independence, for appellant.

Joel R. Mosher of Shughart, Thomson & Kilroy, Kansas City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

Timothy C. Shroyer (hereinafter appellant) appeals from an order sustaining defendant Dr. Norman G. McCarthy's motion for summary judgment in a suit for damages resulting from medical malpractice. The judgment is affirmed.

A brief recitation of the procedural history of this case is necessary for an understanding of the issues raised on appeal. Appellant alleged in his petition that on September 4, 1984, he was permanently injured and sustained burns on the left wrist when a physician employed by Ford Motor Company improperly and negligently operated an electrical muscle stimulation unit. The petition filed on June 25, 1986 named Ford Motor Company, Body & Assembly Division of the Kansas City Assembly Plant (hereinafter Ford) as the sole defendant. Ford timely filed an answer and Motion to Dismiss for lack of subject matter jurisdiction on the ground that the proper forum under Missouri Worker's Compensation Laws is the Worker's Compensation Commission rather than the circuit court.

The issue of the identity of the treating physician was raised more than two years after the date of the alleged injury during

a November 5, 1986 hearing on Ford's Motion to Dismiss. During the hearing, the trial court instructed counsel for Ford to identify the Ford employee who treated appellant on the night of the alleged injury. The name of Dr. Norman G. McCarthy was thereafter revealed to appellant. The record indicates that Dr. McCarthy remained employed by Ford for almost one year after the date of appellant's alleged injury. Not until May 11, 1987 did appellant seek leave of court to add Dr. McCarthy as a defendant to the lawsuit pending against Ford. The trial court granted leave to appellant to add Dr. McCarthy as a party. Dr. McCarthy received his first notice of plaintiff's action when he was served with the petition on September 2, 1987, almost three years from the date of the alleged injury.

Shortly after Dr. McCarthy was added as a second defendant, the trial court ordered the petition against Ford dismissed for lack of subject matter jurisdiction. As a result, Dr. McCarthy became the sole defendant in the lawsuit. On April 28, 1988, the trial court granted Dr. McCarthy's Motion for Summary Judgment against appellant. The trial court concluded that appellant failed to serve Dr. McCarthy with the petition within the two-year statute of limitations, § 516.105, RSMo 1978, and that service of Dr. McCarthy would not relate back to the date of service of the petition on Ford pursuant to Rule 55.33(c), V.A.M.R. The court also concluded that appellant failed to provide any evidence in opposition to the evidence provided by Dr. McCarthy, contrary to Rule 74.04(e), V.A.M.R., which requires a party responding to a summary judgment motion to set forth specific facts showing a genuine issue for trial. Finally, the court ruled that appellant provided no support for his novel theory that the two-year statute of limitations period should not begin to run until the date plaintiff discovers the identity of the health care provider who committed the allegedly negligent act. This appeal followed.

Appellant raises two points on appeal. First, appellant contends that the trial court erred in sustaining Dr. McCarthy's Motion for Summary Judgment because the application of Rule 55.33(c) allows the amendment adding Dr. McCarthy as a defendant to relate back to the date of the original pleading, which fell within the statute of limitations period. Section 516.105 is the statute of limitations governing appellant's cause of action. By its terms, all actions against physicians or any other entity providing health care services, for damages for negligence related to health care, shall be brought within two years from the date of occurrence of the act of neglect complained of. Appellant alleges that Dr. McCarthy was negligent in his treatment on September 4, 1984. However, appellant did not serve Dr. McCarthy with the petition until September 2, 1987, almost three years later. Appellant's claim against Dr. McCarthy is, therefore, barred by appellant's failure to sue Dr. McCarthy prior to the running of the statute of limitations.

Relying on Rule 55.33(c) to avoid the bar of the statute of limitations, appellant argues that the amendment adding Dr. McCarthy as a party should relate back to the date of the original pleading of June 25, 1986 in which Ford was a party. Rule 55.33(c) provides:

[W]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him and serving him with notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Appellant's reliance on Rule 55.33(c) is misplaced. As the Missouri Supreme Court clearly stated in *Windscheffel v. Be-*

*noit,* 646 S.W.2d 354 (Mo. banc 1983), Rule 55.33(c) applies only to amendments changing the party against whom a claim is asserted; the rule is inapplicable to the case in which a plaintiff seeks to add a party. *Id.* at 356–57. The court distinguished the addition of a party from the change of a party, explaining:

> [F]or the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e., plaintiff must have brought an action against the wrong party. He states that defendant was inadvertently omitted from the original petition which constitutes a mistake allowing the amendment to relate back to the original pleading. But Rule 55.33(c) is a remedy. for a mistake in *identity,* and the remedy is a *change* in party. Plaintiff here made no mistake in identity nor does he argue any such mistake. Moreover, he does not seek to *change* parties; he seeks to add one. The rule is wholly inapplicable to plaintiff's case. (Emphasis in original)

Like the plaintiff in *Windscheffel,* appellant in the instant case sought to add, not change, a party to his suit. Indeed, while Ford was still a party to the pending suit, appellant filed his motion to add a party seeking to cure the nonjoinder by adding Dr. McCarthy pursuant to Rule 52.06. Appellant was granted leave of court to add the second defendant to the suit. Two defendants remained in the suit until the October 16, 1987 order dismissing the petition against Ford. Through several procedural steps, appellant was able to initially file suit against one defendant, Ford, and ultimately proceed with the same suit against another sole defendant, Dr. McCarthy. However, such a course of procedural steps is not the change of parties referred to in Rule 55.33(c) or the *Windscheffel* case which will permit the amendment to relate back to the date of the original filing.

Appellant also cites *Want v. Leve,* 574 S.W.2d 700 (Mo.App.1978) as support for assertion that the addition of Dr. McCarthy should relate back to the date of the original filing. The *Want* case involved the application of Rule 55.33(c) to save a cause of action from the bar of the statute of limitations. The plaintiff in *Want,* failing to ascertain the nature of the legal entity he named as a defendant, sued "Century Supply Company" by serving a person he believed to be the registered agent of the corporation. At that time, there was no corporation by that name. Yet, the person served was a partner in the partnership doing business as the named defendant, "Century Supply Company", and counsel for the named defendant made a general appearance on behalf of the partnership. Plaintiff corrected the mistake in identity of the defendant by amending the petition to reflect the proper legal capacity of the defendant. Under these facts, the court in *Want* applied Rule 55.33(c), found all of the rule's requirements including the essential notice to be met, and held that the amendment related back to the date of the original filing. In sum, the *Want* case, unlike the instant case, centered around a change in parties due to a mistake in the identity of the proper party. The instant case is factually distinguishable from *Want* in that appellant herein attempted to add a second party, rather than change an existing party to correct a mistake in its identity.

■ Appellant argues that the *Want* case also holds that the relation back of an amendment is permitted when the neglect of the plaintiff or his attorney in suing the wrong party is excusable. Appellant's argument is without merit. Neither the *Want* court nor any other Missouri Court has held that excusable neglect will permit the relation back of an amendment adding a party to a cause of action barred by the statute of limitations. The *Want* court in dicta merely pointed out that some unidentified courts have proceeded under the theory of excusable neglect to permit the relation back of amendments to the denomination of parties. *Want,* 574 S.W.2d at 711. However, the excusable neglect theory was not the basis of the holding in *Want v. Leve, supra.* This court refuses to adopt the excusable neglect theory to permit the relation back of an amendment adding a party to a cause of action when the additional party was not served with

the petition during the applicable statute of limitations period.

■ For purposes of clarification, it is noted that the concept of excusable neglect does arise in Rule 67.06 V.A.M.R., governing final dismissal on failure to amend. The rule provides as follows:

On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default.

Accordingly, a party may assert excusable neglect in failing to file an amended pleading within the time allowed by leave of court as grounds for avoiding a final judgment of dismissal with prejudice. The concept of excusable neglect in Rule 67.06 relates to neglect in filing an amended pleading within the time specified by a court sustaining a motion to dismiss. Excusable neglect in Rule 67.06 does not pertain to neglect in filing an amended pleading against an additional party after the expiration of the statute of limitations.

■ In sum, the trial court did not err in sustaining Dr. McCarthy's Motion for Summary Judgment on the grounds that appellant failed to serve Dr. McCarthy with the petition before the expiration of the statute of limitations, § 516.105, and that the requirements of Rule 55.33(c) had not been met. Appellant's point one is ruled against him.

Appellant's second point on appeal contends that the trial court erred in sustaining Dr. McCarthy's Motion for Summary Judgment due to the two-year statute of limitations for medical malpractice because pursuant to exceptions to § 516.105, RSMo 1978, the two-year limitations period should begin to run from the date plaintiff discovers the identity of the health care provider who committed the allegedly negligent act. Appellant asserts that he received the alleged injuries in his petition when he was treated on September 4, 1984 by Dr. McCarthy at the Ford Assembly Plant, but that he did not know and was unable to discover the identity of Dr. McCarthy until February 11, 1987 when counsel for Ford complied with the trial court's instruction to disclose the name of the physician on duty the night in question. Appellant takes the position that he was not capable of ascertaining his damages until he was informed of Dr. McCarthy's identity on February 11, 1987 and, therefore, the two-year statute of limitations should not begin to run until February 11, 1987. This court holds that appellant's novel theory lacks support in Missouri law.

Section 516.105 specifically provides that all actions for medical malpractice "shall be brought within two years from the date of occurrence of the act of neglect complained of." Appellant suggests that this court should ignore the directives of § 516.105 and apply § 516.100, RSMo 1978, the general section governing limitation periods in civil actions. Section 516.100 provides that "for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done ..., but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

The Missouri Supreme Court rejected a suggestion such as appellant's in *Laughlin v. Forgrave*, 432 S.W.2d 308 (Mo. banc 1968). In *Laughlin*, the court held that the specific statute pertaining to medical malpractice actions prevails over the general statute, § 516.100. *Id.* at 313. The court reasoned that the General Assembly deliberately used the words, "from the date of the act of neglect," as an expression of purpose to build into that part of the statute applicable specifically to medical malpractice actions a special provision independent of, and as an exception to, the provisions of § 516.100. *Id.*

■ Contrary to appellant's assertion, there is no conflict between the Missouri Supreme Court and the Missouri Court of Appeals, Western District regarding the above-mentioned holding in *Laughlin.* First, this appellate court does not have the authority or option to accept or reject holdings of the Missouri Supreme Court. Second, this court has recognized the *Laughlin* decision as mandatory and controlling authority on the law of medical malpractice statutes of limitations in Missouri. *See Cress v. Mayer,* 626 S.W.2d 430, 435 (Mo. App.1981); *Allen v. St. Luke's Hosp. of Kansas City,* 532 S.W.2d 505, 506 (Mo.App. 1975).

■ Furthermore, negligent treatment by Dr. McCarthy after September 4, 1984 was not alleged in appellant's petition and, consequently, *Thatcher v. De Tar,* 351 Mo. 603, 173 S.W.2d 760 (1943), relied upon by appellant to avoid the statutory bar, is not applicable. *Thatcher* stands for the rule that the statute of limitations on acts of medical malpractice does not commence running until treatment has ceased, where treatment is continuing and of such nature as to charge the physician with a duty of continuing care and treatment essential to recovery. In the instant case, September 4, 1984 is clearly the date of the only occurrence of the act of neglect complained of and the date on which Dr. McCarthy's treatment of appellant ceased. The record indicates that appellant was never thereafter treated by Dr. McCarthy. Appellant was instead referred to Dr. Fredrick A. Buck for treatment following the alleged injury.

Finally, appellant has not presented a logical argument explaining the reasons why the two-year statute of limitations period should not begin to run until after a plaintiff is capable of ascertaining the identity of the treating physician. The record contains no explanation as to explain why appellant was unable to determine the identity of Dr. McCarthy on the date of the occurrence of the act of neglect complained of or, at the very least, during the subsequent period of almost one year while Dr. McCarthy remained employed by Ford.

■ The trial court did not err in sustaining Dr. McCarthy's Motion for Summary Judgment due to the bar of the statute of limitations because there is no exception in Missouri law which tolls the statute of limitations during a plaintiff's attempts, or failure to attempt, to learn the identity of an allegedly negligent treating physician. Appellant's point two is ruled against him.

The judgment is affirmed.

All concur.