Loretta M. KAMERICK,
et al., Appellants,

v.

Lawrence E. DORMAN,
D.O., Respondent.

No. WD 44572.

Missouri Court of Appeals,
Western District.

Sept. 26, 1995.

H. Kent Desselle, Independence, Steven R. McConnell, Overland Park, KS, for appellants.

Tonya O. Johnston, William F. Ford, Kansas City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

From an adverse ruling on respondent's motion for summary judgment this appeal was taken. The appeal was filed on March 11, 1991, and on September 30, 1991, respondent sought protection under the bankruptcy code. Proceedings were stayed until April 18, 1995, when the bankruptcy stay was lifted.

Appellants Loretta and George Kamerick filed their two-count petition for damages on November 13, 1989, alleging medical malpractice and loss of consortium. This pleading stated that the last date Loretta Kamerick received treatment from respondent Dr. Dorman was June 30, 1987.

Respondent's answer and subsequent motion for summary judgment alleged the appellants' claims are barred by the statute of limitations contained in § 516.105, RSMo. 1994. Section 516.105 states in pertinent part that "All actions against physicians . . . for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of . . ." Respondent contends that by appellants' own admission the statute of limitations ran on June 30, 1989, almost five months before their petition was filed.

Although appellants filed their petition for damages on November 13, 1989, the trial court initially overruled respondent's motion for summary judgment. After hearing the respondent's motion for reconsideration, however, the trial court entered its order of summary judgment in favor of the respondent on January 8, 1991.

Appellants allege two points of trial court error. They claim (1) the trial court erred in entering summary judgment against Loretta Kamerick "because there [is] reasonable doubt as to a material fact in that the date of the last treatment is in issue," and (2) the trial court erred in entering summary judgment against George Kamerick on his claim for loss of consortium because that claim was timely filed under an applicable five-year statute of limitations. Affirmed.

■ Summary judgment is proper if there is no genuine issue of a material fact and the movant is entitled to judgment as a matter of law. **Rule 74.04(c).** A "genuine issue" exists where the record contains competent materials that evidence two plausible but contradictory accounts of the material facts. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). When opposing a summary judgment, specific facts about a material issue must be alleged. *Chrysler Credit*

*Corp. v. Schroeder*, 724 S.W.2d 726, 727 (Mo. App.1987).

■ In Point I, appellants concede the applicability of the two-year statute of limitations to Loretta Kamerick's claim for damages in Count I but essentially argue that the "continuing care" exception applies so that their petition was timely filed. Under the continuing care exception, the two-year period of limitations does not begin to run until treatment by the health care provider ceases. *Thatcher v. De Tar*, 351 Mo. 603, 173 S.W.2d 760, 762 (1943). However, the exception only applies "where the treatment is continuing and of such a nature as to charge the medical man with the duty of continuing care and treatment which is essential to recovery." *Id.*

In the present case, appellants allege (1) that Loretta Kamerick sought treatment from respondent during the period February of 1983 through and including June 30, 1987; (2) that Loretta Kamerick discovered she was suffering from cloacogenic carcinoma in November of 1987; and (3) that respondent failed to timely diagnose Loretta Kamerick's condition and failed to timely refer her to a specialist who could have properly diagnosed her condition. Thus, June 30, 1987, is clearly the last date that any act of neglect complained of could be asserted. *See Shroyer v. McCarthy*, 769 S.W.2d 156, 161 (Mo.App. 1989). The record indicates that Loretta Kamerick was never thereafter treated by respondent.

Rather, she was referred by Humana Hospital to a Dr. M. Asghar Chaudhary. Appellants claims against respondent are based upon respondent's alleged failure to diagnose and/or refer Loretta Kamerick to a specialist regarding a condition which existed at the time Loretta Kamerick sought treatment from the respondent. The negligent act complained of therefore must have occurred on or before June 30, 1987. Appellants limitations period commenced to run on June 30, 1987, at the latest.

In an apparent attempt to avoid the running of the statute of limitations, appellants' affidavit in opposition to the respondent's motion for summary judgment states that

Loretta Kamerick had a telephone conversation with respondent on either "November 7, November 8, or November 9, 1987," "concerning [her] continued complaints about his diagnosis that [she] had hemorrhoids." Appellants' affidavit further alleges that Humana Hospital had suggested that Loretta Kamerick see Dr. M. Asghar Chaudhary and that Dr. Dorman was to review information "concerning Dr. Chaudhary." According to appellants, this telephone call caused Dr. Dorman to become Loretta Kamerick's "treating" physician during the whole month of November 1987.

Appellants thus claim that the telephone call creates a "reasonable doubt" regarding the date of Loretta Kamerick's last treatment by Dr. Dorman and that summary judgment is therefore inappropriate. Appellants cite *Ventimiglia v. Cutter Laboratories*, 708 S.W.2d 772 (Mo.App.1986), as supportive of their position. It is not.

At issue in *Ventimiglia* was the date the defendant-physician last provided medical care or treatment to the younger plaintiff. In June of 1981, the defendant-physician set the younger plaintiff's fractured forearm in a cast. Soon thereafter, the skin beneath it began to burn. The plaintiffs' second amended petition filed in October of 1984 alleged the defendant-physician treated the younger plaintiff for his burns until September of 1983, and the defendant-physician admitted at his deposition that he recalled "glancing" at the scars on September 6, 1983, "in the course of the follow-up care for treatment ... previously extended." The court thus found that the record left the issue of the date of last treatment unresolved and therefore that summary judgment was inappropriate. *Id.* at 774.

The instant case is distinguishable, however. Appellants initially acknowledge June 30, 1987, as the last date medical services were rendered Loretta Kamerick by Dr. Dorman. Their subsequent affidavit asserts the November 1987 telephone call constituted the date of last treatment. However, Loretta Kamerick was not seeking treatment from respondent at this time. Instead, the nexus of her phone conversation with Dr. Dorman in November of 1987 concerned her "continued complaints *about his diagnosis* that [she] had hemorrhoids." (Emphasis added.) Such conversation does not rise to the level of medical care, services or treatment. Rather, Loretta Kamerick apparently had discovered respondent's alleged negligence by November of 1987. But the running of § 516.105—except in cases where a foreign object is left in the patient during surgery—does not commence when the tort is capable of discovery. *Green v. Washington Univ. Medical Center,* 761 S.W.2d 688 (Mo.App.1988). To the contrary, the period of limitations begins to run from the date of the alleged act of negligence, irrespective of when the damage is discovered. *Young v. Medrano,* 713 S.W.2d 553 (Mo.App.1986).

Appellants seek to have the court declare that the November 1987 telephone conversation constituted treatment and/or health care so as to extend the statute of limitations. Appellants do not cite any case standing for this premise, and we decline to hold that a telephone call such as this one, made to a physician months after the last treatment, is sufficient to trigger an extension of the statute of limitations. The appellants' petition contains judicial admissions that Loretta Kamerick's last treatment was in June of 1987. Moreover, even if we assume Loretta Kamerick's last contact with Dr. Dorman by telephone on or before November 9, 1987, extended the statute of limitations for two years, the petition was still time barred, having been filed on November 13, 1989.

Additionally, and for the first time on appeal, appellants claim that the Kansas statute of limitations, K.S.A. § 60–513, governs their claims. However, one may not rely on an argument he failed to raise in the court below. *Southwestern Bell Tel. Co. v. Buie,* 689 S.W.2d 848, 853 (Mo.App.1985). Appellants failed to plead this statute below and hence may not now rely on it.

The decision of the trial court to grant summary judgment as to Loretta Kamerick's claim for medical malpractice was proper.

Appellants' Point I is denied.

In Point II, appellants allege George Kamerick's loss of consortium claim is governed by a five-year statute of limitations

and should not be time barred. They rely on *Maddox v. Truman Medical Center, Inc.*, 727 S.W.2d 152, 154 (Mo.App.1987), as supportive of their position. Respondent likewise directs us to *Maddox*.

In *Maddox*, the plaintiff-husband filed a loss of consortium claim based upon injuries received by his wife as a result of medical malpractice. The patient-wife did not file a direct action for her own injuries for reasons personal to herself. This court held that a timely filed consortium claim was not precluded merely because the injured spouse allowed the underlying claim to become time barred. *Id.* at 154.

However, the *Maddox* court did not have to decide whether consortium claims derivative of medical malpractice are governed by a longer statute of limitations. In that case, the parties assumed that the two-year limitation period applicable to the injured spouse's claim was also applicable to the loss of consortium claim. The court thus borrowed the parties' assumption "without deciding its correctness." *Id.* at 153 n. 1.

In the instant case, we must decide the issue left open by *Maddox*. We therefore hold that under Missouri law a loss of consortium claim is governed by the two-year period of limitations contained in § 516.105, and not the period of limitations contained in the more general § 516.120.

 A consortium claim is derivative from the injured spouse's claim and depends on the validity of the underlying claim. *Burrow v. Moyer*, 519 S.W.2d 568, 572 (Mo.App.1975). Although the consortium claim and the underlying claim exist to compensate the two spouses for the different losses they sustain, *Maddox*, 727 S.W.2d at 154, both involve a claim for damages for malpractice or negligence related to health care. Thus, both are governed by § 516.105.

As previously noted, § 516.105 provides in pertinent part that "*All actions* against physicians ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of ..." Section 516.105, RSMo. 1994 (emphasis added). The Missouri legislature evinces only two exceptions: one involving cases of minor plaintiffs and the other involving cases of foreign objects left within the body of living persons. In the absence of legislative intent to the contrary, all other actions for damages as a result of medical malpractice or negligence must be brought within two years from the date of the act complained of. "A special statute of limitation must carry its own exceptions and the courts cannot engraft others upon it." *Black v. The City Nat'l Bank & Trust Co.*, 321 S.W.2d 477, 480 (Mo.1959).

In our opinion, § 516.105 indicates no intention to exclude derivative claims from the two-year period of limitations. To the contrary, the statutory language "[a]ll actions ... for damages for malpractice, negligence, error or mistake ..." would include derivative actions. Thus, for the reasons stated under Point I above, the trial court properly granted summary judgment as to appellants' Count II.

Point II is denied. The judgment is affirmed.

All concur.