Charles Dean SWALLOWS, Appellant,

v.

G. WENDELL WEATHERS, D.D.S., P.C.
A Professional Corporation, et. al.,
Respondents.

No. 78347.

Supreme Court of Missouri,
En Banc.

Feb. 20, 1996.

James W. Hahn II and Marcia A. Mulcahy, Cape Girardeau, for appellant.

John L. Oliver, Jr., Cape Girardeau, for respondents.

COVINGTON, Justice.

Charles Swallows appeals the trial court's grant of summary judgment in favor of de-

fendants G. Wendell Weathers, D.D.S., and his professional corporation. Swallows contends the trial court erred in finding that his medical malpractice claim was barred by section 516.105, RSMo 1994, a two-year statute of limitations. The court of appeals reversed. This Court granted transfer. The judgment of the trial court is affirmed.

Dr. Weathers was Mr. Swallows' dentist for approximately fourteen years. On September 10, 1991, Weathers examined Swallows and, for the first time, diagnosed Swallows as suffering from "chronic severe periodontal disease." Weathers referred Swallows to a periodontal specialist for treatment. On September 9, 1993, Swallows filed suit against Weathers, alleging a negligent failure to diagnose. Swallows' theory is that Weathers was negligent in not sooner diagnosing the periodontal disease, in that an earlier diagnosis would have lessened the treatment and effect of his condition.

The issue is whether the action by Swallows against Weathers is barred by section 516.105, which provides in pertinent part:

> All actions against ... dentists ... for damages for malpractice, negligence, error or mistake related to health care **shall be brought within two years from the date of occurrence of the act of neglect complained of,** except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of is introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten

years from the date of the act of neglect complained of. (Emphasis added)

Distilled to its essence, Swallows' contention on appeal is that his cause of action did not accrue until the date of his last visit with Weathers, on September 10, 1991.[1] The problem with Swallows' contention is that it differs from his factual averments made before the trial court. Swallows filed the petition on September 9, 1993, alleging failure to diagnose periodontal disease. To come within the statute of limitations, the negligent act had to have occurred on or after September 9, 1991. Swallows did not allege that an act of negligence occurred on or after September 9, 1991. In fact, Swallows himself averred in the trial court that Weathers diagnosed periodontal disease on September 10, 1991, the date of his last visit. As a consequence, the trial court properly entered summary judgment against Swallows because the action is barred by section 516.105.

The judgment of the trial court is affirmed.

All concur.

---

1. On appeal, Swallows contends that Weathers provided negligent treatment on September 10, 1991, and asserts a theory based upon a continuing course of treatment. The facts supporting this contention, however, were contained in affidavits filed out of time by Swallows and not considered by the trial court.