Nicholas N. ADAMS, Plaintiff/Appellant,

v.

Robert D. LOWE, D.M.D., Defendant/Respondent.

No. 71024.

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1997.

Application to Transfer Denied Aug. 19, 1997.

Ronald J. Wuebbeling, St. Louis, for plaintiff/appellant.

Daniel E. Wilke, Richard A. Tjepkema, Wilke & Wilke, Clayton, for defendant/respondent.

GRIMM, Judge.

Patient appeals the trial court's grant of summary judgment in favor of dentist. He contends there were genuine issues of material fact as to whether dentist's continuing treatment of him tolled the statute of limitations. We reverse and remand.

## I. Background

Dentist provided dental treatment to patient from 1990 until November 1993. In May 1990, dentist performed root canal therapy on one tooth. On April 8, 1993, he performed root canal therapy on two other teeth. At that time, dentist told patient that when he came in for his checkup after summer vacation, they should talk about putting crowns on the two teeth. In addition, dentist told patient that the teeth would be "tender for awhile."

Patient's next visit was on November 2, 1993. At that time, he told the dental assistant and dentist that the teeth were still tender. The dental assistant took x-rays and discussed them with dentist. From the bits and pieces of the conversation he heard, patient concluded that problems existed.

Dentist told patient that the teeth were still tender. In addition, dentist said that there were "still some problems here." Dentist stated that he was going to have to open it up again and see what was wrong. Further, he said, "Let's make an appointment and see what we have in here and we'll take it from there."

As instructed, patient made an appointment for December 1993. Instead of keeping that appointment, he sought a second opinion from another dentist.

On May 25, 1995, patient filed his petition for medical negligence. Dentist filed a motion for summary judgment. In it, he alleged that patient's petition was barred by the two year statute of limitations in § 516.105.* He alleged that any alleged acts of negligence took place prior to or during April 1993. Thus, he contended, patient's claim was barred by the statute of limitations. The trial court granted the motion.

## II. Summary Judgment

In his sole point on appeal, patient alleges that the trial court erred in granting dentist's motion for summary judgment. He contends

* All statutory references are to RSMo 1994.

that, under the continuing care exception, the statute of limitations did not begin to run until dentist's treatment of his dental problems ended on November 2, 1993.

The applicable statute of limitations for medical malpractice is § 516.105. It reads in pertinent part: "All actions against ... dentists ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of...."

■■ A continuing care exception to the statute has long been recognized in Missouri. *Thatcher v. De Tar,* 351 Mo. 603, 173 S.W.2d 760 (1943). Under this exception, "the statute of limitations does not begin to run until the treatment of the plaintiff's ailment by the defendant ceases." *Id.* 173 S.W.2d at 763. The treatment and history of care should be considered as a whole. *See Shaw v. Clough,* 597 S.W.2d 212, 216 (Mo.App. W.D.1980). However, the exception applies only when "the treatment is continuing and of such a nature as to charge the medical [person] with the duty of continuing care and treatment which is essential to recovery." *Green v. Washington University Medical Center,* 761 S.W.2d 688, 690 (Mo.App. E.D.1988).

■ In the case before us, patient returned to see dentist seven months after the root canal therapy. In making the follow-up appointment, he notified the office staff that he was having continual problems. He continued to express these complaints at the actual visit. After dentist discussed these complaints with the dental assistant, he told patient that there were "still some problems," and that he "may have to open up one or both of [the] teeth and get back in there." Another appointment was then made for patient to return.

Assuming these facts to be true, dentist had not terminated his treatment of patient's root canal problem. Rather, dentist continued to treat this problem at least until November 2, 1993. Thus, the petition filed in May 1995 would be timely.

Dentist argues that this case is similar to *Swallows v. G. Wendell Weathers, D.D.S.,P.C.,* 915 S.W.2d 763 (Mo.banc 1996), where summary judgment was affirmed. *Swallows* is not applicable. *Swallows* involved a claim for failure to diagnose. The continuing course of treatment theory was untimely presented and thus not considered by either the trial court or the supreme court. *Id.* at 764.

The summary judgment facts do not establish that the statute of limitations bars patient's claim. Dentist has not established that he is "entitled to a judgment as a matter of law." Rule 74.04(c)(3). Patient's point is granted.

The trial court's judgment is reversed and the cause is remanded.

CRAHAN, P.J., and HOFF, J., concur.