**Lois M. YOUNG and Robert J. Young, Appellants,**

v.

**Dr. C.A. MEDRANO, M.D., Respondent.**

**No. 50071.**

Missouri Court of Appeals, Eastern District, Southern Division.

June 24, 1986.

Transfer Denied July 29, 1986.

David G. Beeson, Jackson, for appellants.

Maurice B. Graham, Robin E. Fulton, Fredericktown, for respondent.

CRIST, Judge.

Lois and Robert Young (plaintiffs) appeal from an order of the trial court dismissing their petition against Dr. C.A. Medrano (defendant) as being barred by the statute of limitations. On appeal, plaintiffs urge us to reconsider the construction of §§ 516.-100 and 516.105, RSMo (1978), and adopt a "discovery rule" as to when the statute of limitations begins to run in medical malpractice actions. We decline to adopt this rule and affirm the judgment of the trial court.

Plaintiffs employed defendant-doctor in April 1978 to treat and care for plaintiff-wife during her pregnancy. In their petition, plaintiffs alleged that during the delivery of their child, defendant negligently caused plaintiff-wife to suffer a rectovaginal fistula. Plaintiffs further alleged defendant negligently failed to discover the injury during subsequent treatment of plaintiff-wife. Plaintiffs alleged they discovered the condition in August 1984. Plaintiffs filed this petition in March 1985.

Initially, we note plaintiffs do not assert defendant's continuing treatment tolled the statute of limitations. Plaintiffs concede they filed their petition more than two years after the last time defendant treated plaintiff-wife. Further, plaintiffs do not assert the statute of limitations was tolled

by any concealment on the part of defendant. *See* § 516.280, RSMo (1978).

Section 516.100, RSMo (1978) provides: Civil actions ... can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of ... duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment....

This section provides that a cause of action does not accrue until damage resulting from a particular act is capable of ascertainment. A special statute, however, applies specifically to health care providers. Section 516.105, RSMo (1978) provides:

All actions against physicians ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of....

The Missouri Supreme Court reconciled the obvious conflict between § 516.100 and § 516.105 in *Laughlin v. Forgrave*, 432 S.W.2d 308, 314 (Mo.banc 1968). There, the court held § 516.105 was an exception to the general statute, and thus actions against health care providers must be brought within two years of the date of the alleged act of negligence, irrespective of when the damage is discovered. As recently as 1982, our court has adhered to the rule set forth by the supreme court. *See Miller v. Duhart*, 637 S.W.2d 183, 189–90 (Mo.App.1982).

Plaintiffs urge us to construe §§ 516.100 and 516.105 to provide that a medical malpractice action must be initiated within two years of the date an injured party *learns of* the wrongful act and resulting damage. Such a "discovery rule" was rejected by our supreme court in 1968 and by this court in 1982. As stated by both courts, plaintiffs' argument should be addressed to our legislature, not the courts. The legislature has not seen fit to alter the *Laughlin*

rule in the respect requested by plaintiffs. We decline to legislate such a change.

Judgment affirmed.

REINHARD, P.J., and GAERTNER, J., concur.