Mark A. GREEN, Plaintiff–Appellant,

v.

WASHINGTON UNIVERSITY MEDICAL CENTER, Health Care Network, Inc., William A. Murphy, M.D., John J. Garrett, M.D., and Wanda Terrell, M.D., Defendants–Respondents.

No. 54696.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Ted L. Perryman, Mark R. Bates, Roberts, Perryman & Bomkamp, Inc., St. Louis, for plaintiff-appellant.

Robert Solomon Rosenthal, William L. Davis, Philip Louis Willman, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Mark A. Green, brought an action for medical malpractice against defendants, Washington University Medical Center; Health Care Network, Inc.; William A. Murphy, M.D.; John J. Garrett,

M.D.; and Wanda Terrell, M.D. Plaintiff appeals from the trial court's grant of summary judgment in favor of defendants, Health Care Network, Dr. Murphy, Dr. Garrett, and Dr. Terrell.[1] The court specified that summary judgment was granted "solely on the basis of the statute of limitations...." We affirm. In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Hill v. Air Shields, Inc.*, 721 S.W. 2d 112, 115 (Mo.App.1986). If a genuine issue of fact exists, summary judgment cannot be granted. Rule 74.04(c).

The facts, as gleaned from the record, are that plaintiff underwent a physical examination on June 29, 1984. The examination was conducted under the supervision of Dr. Terrell, an internist. As part of the examination, x-rays were taken of plaintiff's chest, cervical spine, lumbar spine, and sacroiliac. Dr. Murphy read those x-rays and prepared a report. Dr. Garrett interpreted plaintiff's electrocardiogram. Defendants, Drs. Murphy and Garrett, did not see or examine plaintiff at the time of the exam or anytime thereafter. Plaintiff was last seen by Dr. Terrell on September 7, 1984.

Plaintiff filed his petition on August 12, 1987. Plaintiff alleged that, during the June 1984 examination, defendants were negligent in failing to diagnose the presence of calcified kidney stones in his kidney. He alleged that he did not suffer damage until February or March of 1986, at which time a kidney stone dislodged from his kidney and obstructed his ureter and left kidney. Plaintiff was forced to undergo surgery to remove the kidney stones on June 4, 1986. Plaintiff alleged that, as a result of defendants' negligence in failing to discover the kidney stones, he suffered permanent damage to his left kidney.

Defendants moved for summary judgment. One basis for summary judgment asserted by defendants was plaintiff's failure to bring his action within the two year period of limitations for medical malpractice actions. Plaintiff countered that "no ascertainable damage, and therefore no cause of action, accrued to the plaintiff until his kidney stone dropped into the ureter in February or March of 1986." The trial court granted summary judgment on the ground that plaintiff did not bring his action within the time required by the applicable statute of limitations.

█ In his first point, plaintiff contends that his claim against defendants was not barred by the statute of limitations. The applicable statute of limitations for a medical malpractice action is Section 516.105, RSMo (1986). This statute provides in pertinent part:

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrist, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the *date of occurrence of the act of neglect complained of....* (emphasis added).

Two exceptions to this two year limitation period are contained within the statute: when the claimant is a minor or when the claim involves leaving a foreign object in the body after surgery. *See* Section 516.-105. When a foreign object is left in the body, the malpractice action must be brought within two years of the date of discovery.

█ The Supreme Court of Missouri has also recognized a continuing care exception to the two year limitation period. The statute of limitations does not begin to run against plaintiff patient until treatment by the medical defendant ceases. *Thatcher v. De Tar*, 351 Mo. 603, 173 S.W.2d 760, 762

---

1. Plaintiff dismissed without prejudice as to de- fendant, Washington University Medical Center.

(1943). The exception only applies "where the treatment is continuing and of such a nature as to charge the medical man with the duty of continuing care and treatment which is essential to recovery." *Id.; see also Miller v. Duhart,* 637 S.W.2d 183, 190 (Mo.App.1982).

In the present case, defendants' examination of plaintiff occurred on June 29, 1984. Plaintiff was last seen by defendant, Dr. Terrell, on September 7, 1984. He filed his cause of action against defendants on August 13, 1987.

Plaintiff's claims against defendants were based upon defendants' failure to diagnose a condition which existed at the time of the physical exam. The negligent act complained of therefore occurred on June 29, 1984. Plaintiff's limitation period commenced to run on June 29, 1984, at least as to his claims against Drs. Murphy and Garrett.

Plaintiff has alleged no facts which indicate continuing treatment by defendants, Drs. Murphy and Garrett, past the date of the physical examination on June 29, 1984. Plaintiff was seen by Dr. Terrell in September 1984; but he has alleged no continuing treatment by Dr. Terrell past the last day of treatment on September 7, 1984. Plaintiff was not receiving the continued care necessary to toll the statute. His limitation period as to his cause of action against Dr. Terrell started running on September 7, 1984.

Plaintiff filed his cause of action on August 12, 1987, approximately three years after the date the statute started running as to all defendants.[2] His action was not brought "within two years from the date of the act of neglect complained of" and is therefore barred.

Plaintiff posits that his damages were delayed and that no cause of action accrued until there was a clinical manifestation of damage; namely, when the kidney stone descended into the ureter in February or March of 1986. This assertion approximates an espousal of the view that the limitations period should not begin to run until the tort is capable of ascertainment. Although couched in different language by plaintiff, it is tantamount to a request to adopt a discovery rule in malpractice actions. Except where foreign objects are left within the patient after surgery, Missouri has rejected the adoption of a discovery rule for malpractice actions. *See Duhart,* 637 S.W.2d at 189–190; *Young v. Medrano,* 713 S.W.2d 553, 554 (Mo.App. 1986). Plaintiff's first point is denied.

In his second point, plaintiff contends that the application of Section 516.-105 to bar his claim against defendants violated his equal protection or due process rights by denying him access to the court system. To support his argument, plaintiff relies on *Strahler v. St. Luke's Hosp.,* 706 S.W.2d 7 (Mo. banc 1986).

*Strahler* is not dispositive of this issue. In *Strahler,* the Supreme Court of Missouri found Section 516.105 unconstitutional as applied to minors. The court created a specific exception to the two year statute of limitations for malpractice actions filed by minors. *Id.* at 11–12. Here, plaintiff has not alleged that he was a minor when the negligent act occurred; nor does the record indicate that he was one. He therefore does not fall within the exception carved out for minors.

In addition, statutes of limitations will not be held unconstitutional as denying due process unless the time allowed for commencement of the action and the date fixed when the statute commences to run are plainly unreasonable, discriminatory, and applied unequally to all persons and actions of the same class. *Laughlin v. Forgrave,* 432 S.W.2d 308, 314 (Mo. banc 1968). Two years from the date of the act of neglect is not unreasonable. *Ross v. Kansas City Gen. Hosp. & Medical Center,* 608 S.W.2d 397, 400 (Mo. banc 1980). Plaintiff's second point is denied.

---

**2.** There was sufficient time for plaintiff to file a cause of action against defendants after his surgery on June 4, 1986, when he became aware of his damage. Had he filed his action shortly thereafter, he would have fallen within the two year statutory period for medical malpractice actions.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.