Michael D. THOMPSON and Virginia Thompson, Appellants,

v.

Frederick I. VOLINI, M.D., Respondent.

No. WD 46121.

Missouri Court of Appeals, Western District.

Jan. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1993.

Application to Transfer Denied April 20, 1993.

Cyril M. Hendricks, Jefferson City, for appellants.

James W. Reeves, St. Louis, for respondent.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

LOWENSTEIN, Chief Judge.

Michael Thompson, D.D.S. and his wife appeal from the trial court's entry of a summary judgment in favor of the defendant Frederick Volini, M.D. The Thompsons contend the trial court erred by concluding Volini could raise the defense of an expired statute of limitations, although the parties had an agreement to extend the claim period. The statute governing the malpractice claim, § 516.105, R.S.Mo.1986, specifically provides such suits "... shall be brought within two years from the date of occurrence of the act of neglect complained of...." The claimant must bring the suit "within two years of the alleged act of negligence, irrespective of when the damage is discovered." *Young v. Medrano*, 713 S.W.2d 553, 534 (Mo.App.1986). Despite suggestions for the legislature to change § 516.105, *Young*, 713 S.W.2d at 554, the law remains unchanged and unaffected by the later date of a clinical manifestation. *Green v. Washington University Med. Ctr.*, 761 S.W.2d 688, 689 (Mo. App.1988). The parties entered into an agreement to waive the defense of the statute of limitations. Unbeknownst to either party, the statute had run prior to them entering the agreement.

### *Facts on Appeal*

On December 27, 1990, the Thompsons filed a petition for damages against Volini, claiming Volini had misdiagnosed tissue samples in a pathology report prepared October 26, 1987. The petition alleged Volini had incorrectly concluded skin lesions taken from Thompson were benign when in fact the tissue samples indicated he had malignant melanoma. The petition further alleged Thompson first learned of this error on October 14, 1988. The petition stated that because of the failure to diagnose, the disease had spread without treatment and expenses now had gone beyond his health insurance coverage.

Prior to the filing of the petition, Thompson contacted Volini by letter in August 1990, to initiate settlement negotiations. In the letter, Thompson told Volini he first became aware of his misdiagnosis one year and ten months earlier, when he discovered a lump in his armpit was a metastasis of the earlier undiagnosed melanoma. Thompson further stated in the letter that, "As I understand it, the statute of limitations forces me to either reach a settlement very soon, file a law suit, or leave myself and my family with no future recourse."

Despite Thompson's impression, the statute of limitations expired in October of 1989. To compound the error Volini and his insurance company shared Thompson's mistaken belief that, at the time of the August 1990 letter, the statute of limitations had not yet expired. Consequently, on September 27, 1990, Volini and his insurance company entered into a written agreement with Thompson to extend the statute of limitations period to December 31, 1990. Volini's malpractice insurer suggested and prepared this contract, then the claims agent signed it. After Volini, too, signed the contract, the agent sent it to Thompson for his signature. The agreement provided, as relevant to this case, the following: the parties entered the agreement "in consideration of the mutual promises set forth

herein"; the parties "wish[ed] to negotiate an amicable settlement and avoid litigating the claim"; the statute of limitations "on this claim" would expire before December 31, 1990; the parties agreed the statute of limitations, "should be extended for the period up to and including the 31st day of December 1990"; and, if the Thompsons filed suit before that date Volini would "... waive any statute of limitations defense...."

The Thompsons filed their petition for damages four days before the deadline specified in the written agreement. Ten months later, Volini filed his successful motion for summary judgment, arguing the parties executed the agreement after the statute of limitations on the claim had expired. As a result, Volini argued the agreement lacked consideration. He claimed lack of consideration also negated the doctrine of estoppel or waiver. Therefore, Volini argued, the agreement provided no legal effect and entitled him to raise the statute of limitations as a defense. The motion for summary judgment also included affidavits from Volini and his insurance agent which stated that, had they known that the statute of limitations had already expired, they would not have entered into the agreement.

■ In their first point, the Thompsons claim the trial court erred by overlooking the fact Volini *may* have continued to treat Dr. Thompson after the October, 1987 misdiagnosis, and such continued treatment tolled the statute of limitations. The statute of limitations does not begin to run against a plaintiff until the defendant ceases to treat the injury caused by the act of neglect, and subsequent treatment serves to toll the statute of limitations. *Green*, 761 S.W.2d at 688, *Lorsbach v. Plastic Surgery Consultants, Ltd.*, 745 S.W.2d 220, 221 (Mo.App.1987). This contention fails because the record discloses no evidence either in support or opposition of treatment by Volini after October 26, 1987.

In their second point on appeal, the Thompsons contend the court should enforce the September 27, 1990, written agreement between the parties as it effec-tively extended the statute of limitations. Under the agreement, the Thompsons filed their suit within the period designated in the agreement.

The precise issue on which this case turns whether this court should hold a party and the party's insurance company to a contract prepared by the insurance company and executed after the statute has expired, in which the defense of a statute of limitations is waived? This court answers that question in the affirmative, and under the rather peculiar facts here reverses the trial court's grant of summary judgment for the defendant. This court holds the defendant waived the defense he had to plaintiffs' right of recovery.

*The Law*

This contract case boils down to a mutual mistake of law which lead the parties to believe they entered a valid contract supported by consideration. Missouri courts generally do not grant relief for a mistake of law. *Hysinger v. Heeney*, 785 S.W.2d 619, 624 (Mo.App.1990). Accordingly, this court will not let Volini out of the contract because he and his insurance company made a mistake as to when the statute of limitations barred the Thompsons' claim.

■ By clear declaration the defendant and his insurer waived a defense which statutorily some insurers may do. *See Bauldin v. Barton County Mutual Ins. Co.*, 666 S.W.2d 948, 951 (Mo.App.1984) referring to § 380.830 R.S.Mo. the predecessor to § 380.551, R.S.Mo.1986, where the plaintiff could assert a waiver by producing a written instrument from the mutual company which, "specifically waived the statute of limitations defense." In this case, the parties have produced the written document showing Volini waived the defense with the approval of the insurance company.

■ Further, although the compromise of a doubtful claim is good consideration for a contract, *Elmore v. Wal-Mart Stores, Inc.*, 812 S.W.2d 178, 182 (Mo.App. 1991), this court finds it difficult to imagine much in the way of consideration for the

defendant's promise. But, "where ... the claimant has an honest and reasonable belief in the validity of an invalid claim, the relinquishment of such a claim is sufficient consideration to support a promise." *Fox v. Burton*, 402 S.W.2d 329, 334 (Mo.1966), quoting from 17 *Am.Jur.2d, Contracts*, § 111. But *see City of Springfield ex rel. People's Bank of Springfield v. Deming*, 252 S.W. 91 (Mo.App.1923). Thompson believed he had a valid claim when he contacted Volini in August and when he entered the agreement. As such, Thompson's agreement to relinquish what he thought was a valid claim provided adequate consideration for the contractual waiver of the defense of the statute of limitations. Volini entered into the agreement and now seeks recission based on his mis-assessment of the law.

May the company rescind the contract for its or a mutual mistake of law? That answer is no. Despite now 1) referring to the agreement as the "purported" contract; 2) as it "does not recite any independent consideration given by the appellants ..."; 3) Or that Thompson hoodwinked Volini or his insurer's claims department into believing; a) Volini treated the plaintiff after October 26, 1987; or b) the running of the statute of limitations law was different from statutes and casebooks, is not sufficient to rescind or avoid the defendant's contractual declarations.

The mistake made by Volini and the insurance company constituted a mistake of law, not fact. Volini and the insurance company tried to characterize this misconception as a mistake of fact as shown in the previous paragraph. Volini and the insurance company knew the exact date of Thompson's treatment. Volini knew because he treated Thompson and the insurance company knew because the agent referred to the treatment date in his letter to Volini telling him to sign the agreement. On that date, October 26, 1987, the last date of treatment, the statute began to run. The insurance company should have investigated the running of the statute of limitation before drafting the contract, signing it and sending it to Volini, then Thompson, to sign.

"It has often been stated that there can be no relief against mistake when the party had within his reach the means of ascertaining the true state of facts, and without being induced thereto by the other party, neglected to avail himself of his opportunities of information."

*Hysinger v. Heeney*, 785 S.W.2d at 625.

*Wilkinson v. Bennett Constr. Co.*, 442 S.W.2d 166, 170 (Mo.App.1969), does not stand in aid. The facts in *Wilkinson* involved the failure to timely file a consortium claim and a ten years' subsequent *letter* from a defendant about such claim constituting an implied waiver or invoking an estoppel.

Taking into consideration the sophistication of the parties as to knowledge of the law of limitations or actions against health care providers, no facts point to the court invoking equitable principles to set aside the agreement. *Taylor & Martin, Inc. v. Hiland Dairy, Inc.*, 676 S.W.2d 859, 871 (Mo.App.1984). This case involved an arms length transaction, prepared by the side seeking recission. Volini's insurance company engages in the business of writing malpractice insurance in Missouri. As such, this court cannot let the company rely on it naivete because it denies knowledge of the law. *Id.* at 872.

An error of law prevents affirming the granting of summary judgment. The defendant is deemed to have waived the defense of the statute of limitations. The judgment is reversed and remanded for trial on the merits.

All concur.