Patricia **KORANDO**, Appellant,

v.

**MALLINCKRODT, INC.**, Respondent.

No. ED 88605.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 2007.

648

Mark L. Akers, St. Louis, MO, for appellant.

Jill A. Morris, Kansas City, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Patricia Korando (hereinafter, "Korando") filed a petition against Mallinckrodt, Inc. (hereinafter, "Employer") and Gary Diesel (hereinafter, "Supervisor") claiming they engaged in sex discrimination and retaliatory discrimination, leading to her termination by Employer. Supervisor was dismissed from the suit. Employer filed a motion for summary judgment. The trial court granted Employer's motion. Korando appeals from the trial court's grant of summary judgment, raising four issues on appeal. We reverse and remand.

Kornado began working for Employer in August 1991. Korando avers when she was required to report to Supervisor, her discrimination began. She believes as a female, she was transferred, demoted, and ultimately discharged for voicing her opinion to a "diversity" hire. At the same time, Korando states similarly situated male managers were not treated in the same manner. Korando was terminated on August 18, 2004. Korando filed a complaint with the EEOC on December 6, 2004. On October 4, 2005, she filed this action in circuit court, alleging there was a pattern of removing women from supervisory positions and treating women differently from other male managers who acted similarly.

Employer filed its motion for summary judgment, alleging Korando was terminated for her poor performance at work rather than because of her sex. The trial court granted summary judgment in favor of Employer. Korando brings this four point appeal.

In her first point on appeal, Korando claims the trial court erred in that it applied the wrong standard of review for summary judgment. Korando believes the trial court should have applied a "contributing factor" analysis pursuant to MAI 31.24. Korando believes she is able to set forth evidence establishing genuine issues of fact regarding Employer's unlawful motivation in terminating her employment. Korando states there was evidence of sex discrimination and retaliatory discharge which contributed to Employer's decision to terminate her. We agree.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party

against whom summary judgment was entered the benefit of every doubt. *Green v. Washington University Medical Center*, 761 S.W.2d 688, 689 (Mo.App. E.D.1988). Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

■ Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law. Following the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e). "Summary judgment should seldom be used in employment discrimination cases, because such cases are inherently fact-based and often depend on inferences rather than on direct evidence." *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007).

■ The Missouri Human Rights Act (hereinafter, "MHRA") prohibits any employer from discriminating against any individual "with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability...." Section 213.055.1(1)(a) RSMo (2000).[1] Appellate courts are guided by both state and federal employment discrimination caselaw, so long as it is in harmony with Missouri law. *Daugherty*, 231 S.W.3d at 818.

In this case, the trial court granted Employer's summary judgment motion, determining Korando failed to present sufficient evidence of a prima facie case of sex or retaliation discrimination pursuant to the *McDonnell Douglas* burden shifting test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–01, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, the Missouri Supreme Court recently determined the *McDonnell Douglas* burden shifting analysis no longer applies. *Daugherty*, 231 S.W.3d at 819–20. Applying *Daugherty*, the proper analysis for summary judgment cases under the MHRA applies the MAI 31.24 "contributing factor" standard. *Daugherty*, 231 S.W.3d at 820.

■ Accordingly, Korando's claims for sex discrimination and retaliatory discharge can survive summary judgment if there is a genuine issue of material fact as to whether her sex was a "contributing factor" in Employer's termination decision. This Court's "review of summary judgment in the context of MHRA employment discrimination claims must determine whether the record shows two plausible, but contradictory, accounts of the essential facts and the 'genuine issue' in the case is real, not merely argumentative, imaginary, or frivolous." *Daugherty*, 231 S.W.3d at 820.

There is no dispute that Korando is entitled to sex discrimination protection under the MHRA.[2] By applying the "con-

---

1. All further statutory references herein are to RSMo (2000) unless otherwise indicated.

2. Section 213.010(5) defines discrimination as "any unfair treatment based on ... sex ... as it relates to employment...."

tributing factor" analysis to Korando's retaliatory discharge claim, the claim will survive a motion for summary judgment if there is a genuine issue of material fact as to whether her sex was a "contributing factor" in Employer's termination decision.

Employer contends Korando was terminated for her performance deficiencies at work. However, Korando presents enough evidence in her response to Employer's motion for summary judgment to raise a genuine issue of material fact. Korando demonstrates that when she and three similarly situated male managers questioned the appropriateness of hiring a "diversity employee," she was the only one terminated and she was the only female.

■ Accordingly, Korando's retaliatory discharge claim survives summary judgment because she provided evidence which creates a genuine issues of material fact as to whether her sex was a "contributing factor" in Employer's termination decision. There are two plausible, but contradictory, accounts of the essential facts. Therefore, summary judgment is inappropriate. This point is granted.[3]

In her final point on appeal, Korando avers the trial court erred in determining that she pay the costs of the proceeding because Section 213.111.2, requires a prevailing respondent may be awarded costs only upon a showing that the case is without foundation. Korando states that in this case, no such showing or determination was made. We agree.

■ Section 213.111.2 states:
The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs

and reasonable attorney fees to the prevailing party, other than a state agency or commission or a local commission; except that, a prevailing respondent may be awarded court costs and reasonable attorney fees *only upon a showing that the case is without foundation.*

(emphasis added). In its judgment granting summary judgment in favor of Employer, the trial court made no finding that this case was without foundation. Accordingly, the award of costs to Employer is unsupported by Section 213.111.2. This point is granted.

The trial court erred in granting summary judgment in favor of Employer and ordering Korando to pay costs. The trial court's judgment is reversed, and the cause is remanded.

BOOKER T. SHAW, C.J., and ROBERT G. DOWD, JR., J., concur.

---

3. Korando's second and third points on appeal are rendered moot by our determination of this point. Accordingly, we decline to address them.