**MILLER'S CLASSIFIED INSURANCE COMPANY, Appellant,**

v.

**Aimee J. FRENCH, a minor, by and through her Next Friend, Susan K. FRENCH and James French, Robert Wallace and Lisa Marie Wallace, a minor, by and through her Next Friend Robert Wallace and American Family Mutual Insurance Company, Respondents.**

No. ED 92306.

Missouri Court of Appeals, Eastern District, Division Two.

July 21, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 14, 2009.

Application for Transfer Denied Nov. 17, 2009.

Denis C. Burns, St. Louis, MO, for Appellant.

Robert J. Wulff, St. Louis, MO, John D. Rayfield, Crystal City, MO, George J. Miller, Eureka, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge

Miller's Classified Insurance Company (hereinafter, "Miller's") brought this declaratory judgment action to determine whether the exclusionary provisions of its insurance policy relieved it from any duty to defend and provide coverage to its named insured, Robert Wallace (hereinafter, "Father"), for a claim involving a single vehicle accident wherein his daughter was driving. Following discovery, both parties asserted there were no genuine issues of material fact in dispute and each sought summary judgment. The trial court granted summary judgment in favor of Father, finding the provisions of the insurance policy were ambiguous. Miller's brings this two point appeal. We affirm.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party against whom summary judgment was entered the benefit of every doubt. *Korando v. Mallinckrodt, Inc.*, 239 S.W.3d 647, 648–49 (Mo.App. E.D.2007). Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *City Center Redevelopment Corp. v. Foxland, Inc.*, 180 S.W.3d 13, 15 (Mo.App. E.D.2005); *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion.

*ITT Commercial Finance*, 854 S.W.2d at 376.

■ Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). "The moving party bears the burden of establishing a right to judgment as a matter of law." *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. banc 2006). Following the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e). "The interpretation of an insurance policy is a question of law that this Court also determines *de novo*." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007).

On August 14, 2003, Father's daughter (hereinafter, "Daughter") was driving a vehicle which was involved in a single vehicle collision. Daughter was fifteen years old at the time of the accident and did not possess a driver's license. Aimee French (hereinafter, "French") was a passenger in the vehicle driven by Daughter. After colliding with a tree, French sustained injuries.

Seeking compensation for her injuries from an uninsured motorist policy due to Daughter's negligent operation of the vehicle, French, by and through her next friend, brought suit against American Family. Father then made a demand upon his auto insurance carrier, Miller's, to provide a defense and indemnify Daughter in the underlying lawsuit.

Miller's issued a reservation of its rights letter pursuant to Father's policy and filed this declaratory judgment action, seeking affirmation that it has no right to defend or indemnify due to exclusionary language contained in the policy. The trial court granted summary judgment in favor of Father, finding liability coverage for Daughter based upon the definition of who is insured under the policy and an ambiguity in one of Miller's exclusionary clauses. Miller's brings this two point appeal.

■ This Court interprets insurance contracts by applying the general rules of contract interpretation. *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007). "When an insurance company relies on a policy exclusion to assert noncoverage, it has the burden of proving that such an exclusion is applicable, and we will construe the exclusion clause strictly against the insurer." *Oakley Fertilizer v. Continental Ins. Co.*, 276 S.W.3d 342, 351 (Mo.App. E.D.2009)(*quoting Sexton v. Omaha Property & Cas. Ins. Co.*, 231 S.W.3d 844, 848 (Mo.App. S.D. 2007)). Further, ambiguous language in an insurance policy must be interpreted in favor of the insured. *Todd*, 223 S.W.3d at 160. "This rule is especially applicable where insurance is first 'granted' and is then followed by provisions limiting or avoiding liability." *Versaw v. Versaw*, 202 S.W.3d 638, 643 (Mo.App. S.D.2006)(*quoting Irelan v. Standard Mut. Ass'n of Cassville*, 379 S.W.2d 815, 819 (Mo.App.Spring. Dist.1964)). Language in an insurance policy is ambiguous when it "is reasonably and fairly open to different constructions, and there is duplicity, indistinctness, or uncertainty of meaning." *Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 397 (Mo.App. E.D.2007)(*quoting Bowan ex rel. Bowan v. General Sec. Indem. Co.*, 174 S.W.3d 1, 7 (Mo.App. E.D. 2005)).

■ In its first point on appeal, Miller's claims the trial court erred in granting summary judgment in favor of Father. Miller's alleges the insurance policy at issue is not ambiguous regarding the exclu-

sionary provisions precluding coverage for "any person" operating a vehicle without a reasonable belief that the person is entitled to do so.

■ The term "any person" is not defined in Miller's policy. If this Court partitioned the exclusionary section from the remainder of the policy, the term "any person" could have excluded Daughter from coverage under the policy. However, "when analyzing an insurance contract, the entire policy and not just isolated provisions or clauses must be considered." *Versaw*, 202 S.W.3d at 643.

When analyzing the term "any person" in context of the whole policy, it becomes ambiguous. This result stems from the policy itself. In reference to either people or Miller's, the policy clearly defines: "you," "your," "[w]e," "us," "our," "[f]amily member," and "[i]nsured." Since there is no definition of "any person," it is arguable that a lay person who purchased this policy could reasonably find there to be two different interpretations. One could assume "any person" to be an all encompassing term or that it is interpreted reasonably as "any person" other than those individuals specifically defined by the policy's definitions. Accordingly, the policy language is open to two interpretations— either coverage or noncoverage. Hence, there is an ambiguity because there is "uncertainty of meaning." *Stark Liquidation*, 243 S.W.3d at 397. Point denied.

■ In its second point on appeal, Miller's alleges the trial court erred in granting summary judgment in favor of Father in that a genuine issue of material fact exists regarding whether Father informed Miller's of the new vehicle within thirty days in order for that vehicle to be a "covered auto" under the policy. Miller's urges this Court to focus on the meaning of the phase and definition of "your covered auto" in its policy. By doing so, Miller's argues that the vehicle which Daughter was driving failed to be insured by Father within the first thirty days of acquiring it. Miller's notes that it has no record of Father insuring the vehicle within thirty days, but Father states he informed Miller's of the vehicle as per the policy requirements. Miller's argument may be sufficient to demonstrate a genuine issue of material fact which would defeat summary judgment; however, this argument is misplaced.

In determining whether Miller's is responsible for defending Daughter, we look to the language of Father's policy. The liability coverage section of Miller's policy provides that Miller's "will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." The policy then defines the term "insured" within the section of liability coverage as "[y]ou or any 'family member' for the ownership, maintenance or use of any auto or 'trailer.' " Miller's policy defines a family member as " . . . a person related to you by blood, marriage, or adoption who is a resident of your household. This includes a ward or foster child."

There is no dispute Daughter is a family member. Miller's policy clearly states Miller's provides liability coverage for a family member who uses *any* auto. (emphasis added). Hence, there is no need to determine whether Daughter was using "a covered auto" pursuant to the terms of Miller's policy because Daughter was a family member using an auto. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J., and
LAWRENCE E. MOONEY, J., concur