Stacy Rene BURKE, Appellant,

v.

L & J FOOD AND LIQUOR,
INC., et al., Respondent.

No. WD 53336.

Missouri Court of Appeals,
Western District.

May 27, 1997.

Paul Thomas Loughlin, Jr., Kansas City,
for Appellant.

James L. Sanders, Overland Park, KS, for
Respondent.

Before ELLIS, P.J., and LOWENSTEIN
and HOWARD, JJ.

LOWENSTEIN, Judge.

The primary issue presented in this appeal from the grant of summary judgment is whether the conservator of an injured person, in settling a personal injury claim against a tortfeasor may also, without obtaining the assent of the injured person's spouse, release the derivative loss of consortium claim of the spouse?

The facts here are somewhat unusual. Frederick Burke was an employee of the respondent L & J Food and Liquor. Respondents, Larry Marshall and Joseph Gimalva, own the respondent corporation, L & J. Burke, while on duty at the store on January 3, 1993, was beaten by one or both of the individual respondents, suffering permanent brain damage and as a result, he was declared totally incapacitated. The depositions supporting the summary judgment motion

indicate Frederick was doing drugs in the back room instead of waiting on customers. Patricia Burke was appointed his guardian and conservator. The appellant, Stacy Burke, wife of Frederick, filed a workers' compensation claim on her husband's behalf. The conservator, Patricia, also filed a suit against the respondents for damages for Frederick Burke's injuries in circuit court. After negotiations, and on the joint application of conservator Burke and all the defendants, a settlement was reached. In a joint application which was approved by the circuit court, L & J and the two owners paid $500,000 for a general release, that suit was dismissed with prejudice, and the workers' compensation claim was dismissed. Burke's wife was not a party to that suit nor that settlement. The release read as follows:

### GENERAL RELEASE

KNOWN ALL MEN BY THESE PRESENTS, that the undersigned, *Frederick Burke by and through Patricia Burke,* the duly *appointed Conservator* of the estate of Frederick L. Burke, a disabled person and *Patricia Burke, individually,* hereinafter referred to as FIRST PARTIES, in consideration of the sum of Five Hundred Thousand and No/100 Dollars ($500,000.00), in hand paid by L & J Food and Liquor, Inc., Larry Marshall and Joseph Giamalva hereinafter referred to as SECOND PARTIES, receipt of which sum is hereby acknowledged, has released, acquitted and discharged and does by these presents release, acquit and discharge said SECOND PARTIES, its agents, servants, employees, heirs, executors, administrators, representatives, next of kin, insurance carriers, successors, assigns and subsidiaries, of and from *any and all claims,* demands, injuries, losses, costs, expenses, compensation, worker's compensation, attorney fees, actions, causes of action, duties, debts, responsibilities, liabilities in law or in equity, which may heretofore have existed, or *which may hereafter arise out of an accident,* casualty or occurrence which happened on or about the 3rd day of January, 1993, at or near the premises of L & J Food and Liquor, Inc., 2519 E. 9th Street, Kansas City, Jackson County, Mis-

souri, 64124, forming the basis of the case filed in the Circuit Court of Jackson County, Missouri styled *Frederick J. Burke v. L & J Food and Liquor, Inc., Larry Marshall and Joseph Giamalva,* Case No. CV94–012199, *as well as any and all claims made which could have been made in the aforementioned lawsuit.*

The parties specifically understand and agree that this release shall apply with full force and effect to any worker's compensation claims which have been brought, which could have been brought, or which may be brought in the future.

It is understood and agreed that there is no agreement on the part of the FIRST PARTIES or the SECOND PARTIES to do or omit to do any act or thing not herein mentioned and that all acts, payments and promises set forth in this Release are made in *full consideration for any and all claims,* damages and losses of the FIRST PARTIES whether now known or unknown.

It is further understood and agreed that nothing contained herein shall be construed as an admission of liability by the SECOND PARTIES, but that liability as well as the nature and extent of any injury, damage and loss to the FIRST PARTIES re expressly disputed.

This Release shall bind the signers, their assigns, servants, employees, heirs, executors, administrators, representatives, next of kin, insurance carriers, successors, assigns and subsidiaries. (Emphasis added)

The appellant, Stacy Burke, then filed this suit for loss of consortium. The respondents moved for summary judgment, asserting: 1) settlement and release; 2) res judicata; and 3) preemption, because a Workers' Compensation claim had been filed. The circuit court granted summary judgment.

### SETTLEMENT AND RELEASE

■ The respondents' motion for summary judgment asserted the settlement and release of the defendants in the husband's suit extinguished the appellant's consortium claim. She was not, however, a party to his suit, nor did she sign the release. In addi-

tion, the language of the release does nothing to promote this conclusion.

■ A consortium claim is a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury. *Wendt v. General Accident Ins. Co.*, 895 S.W.2d 210, 214 (Mo.App.1995). When a spouse is injured, the other spouse suffers. *Id. at 214.* Each spouse bears a separate real loss, and each should be afforded an opportunity to seek redress for that loss in the way that he or she sees fit. *Id.*

In *Shepherd v. Consumers Co-op. Ass'n*, 384 S.W.2d 635 (Mo. banc 1964), the wife's right to recover for her own personal damage as a result of negligent infliction of injuries upon her husband, involved a matter of substantive law, and as such, her separate action was not barred even though her husband had settled his claim and executed a full release of all claims on his own behalf. The Court stated:

> We are unable to understand how payment to the husband for his personal injuries and damages could be considered compensation to a wife for such losses and damages as she may have sustained in her personal capacity as the wife of the injured party. *Shepherd*, 384 S.W.2d at 640.

The injured person is not the agent of his spouse simply because of the marital relationship, and he, therefore, has no power to bind his spouse by an agreement to which the spouse was not a party. See generally, Caroll J. Miller, Annotation, Injured Party's Release of Tortfeasor as Barring Spouse's Action for Loss of Consortium. 29 A.L.R.4th 1200 (1984). An action for loss of consortium is seen as derivative only to the extent that the defendant must be proved to have caused the original injury, which in turn caused the spouse to suffer. *Id.*

■ The respondents allude to the effect of Rule 66.01(c) on the wife's claim. The intent of Rule 66.01(c)[1] was to permit and encourage the two spouses to file a single suit to enforce their separate causes of action and, at the election of the defendant, upon giving the prescribed notice, to require this procedure. *Cline v. Carthage Crushed Limestone, Co.*, 504 S.W.2d 118, 120 (Mo. 1974). The respondents never gave notice under Rule 66.01, there was no necessity for the wife to combine her suit with that of the conservator.

## RES JUDICATA

■ The respondents rely on res judicata to support the grant of summary judgment in their favor. The justification is that when there is one cause of action arising out of a set of facts, and when one party who is in privity with others "settles the dispute," the others whose interests "are so closely related to the interested party that the 'non-party' can fairly be considered to have had his or her day in court," the doctrine of res judicata applies. Respondents' bank on the fact the appellant is the "lawfully wedded wife" of the injured person, and that she filed the compensation claim on his behalf, "that she was sufficiently in privity with him and his interests, so as to have had the opportunity to assert her claims." This court in *Maddox v. Truman Medical Center, Inc.*, 727 S.W.2d 152, 155 (Mo.App.1987), reiterated the law in Missouri that although the consortium claim is derivative from the injured spouse's claim, the "consortium claim and the underlying claim exist to compensate the different losses the two spouse's suffer." This court said it would be anomalous to allow the injured

---

1. As of January 1, 1995, Rule 66.01(c) was renumbered as Rule 66.01(d). The rule states:
   If an injury not resulting in death is inflicted upon the person of one spouse, and causes of action therefor accrue to the injured spouse and also to the other spouse for loss of consortium or services or medical expenses, *they shall be enforced in one action by both spouses if they have ever been coparties in such action or if notice is given.*
   If any party against whom a claim is asserted gives written notice of the pendency of the action and of the necessity to join therein to the spouse whose claim was not joined and to the attorney for the spouse upon whose behalf the lawsuit was filed, the claim of such spouse who has not been joined shall be barred unless the spouse makes application to be added as a party therein within thirty days after such notice. The spouse so required to join shall have an unconditional right to be added as a party pursuant to Rule 52.06. (Emphasis added).

spouse to waive the claim of the second spouse's valid claim for compensation. *Id.* at 154. The fact the appellant was a spouse did not establish priority. *Wendt,* 895 S.W.2d at 214. Without going into a long discussion on res judicata, the settlement of the injured party's claim did not invoke the doctrine of res judicata to defeat the wife's claim. Further, the fact the wife filed the compensation claim for her husband does nothing to defeat her bringing this suit.

## PREEMPTION

■ Somewhat allied with the previous justification for summary judgment, is the respondents' final assertion that the bringing of and subsequent dismissal of the workers' compensation claim somehow sapped the subject matter jurisdiction of any court to later hear Stacy Burke's consortium claim. This novel argument cannot stand under these facts. The Workers' Compensation Act claim was dismissed. The employee never received benefits under that Act. Both the injured employee and the defendants jointly beseeched the circuit court to approve the settlement, the disbursement of funds, and to approve the dismissal of the compensation claim. For the employer to now claim the circuit court lacked jurisdiction to do the above, and then, in this suit for consortium, to infer the injured party received compensation in the form of Workers' Compensation is not well received.

The circuit court erred as a matter of law in sustaining summary judgment in favor of the respondents. The judgment is reversed and the cause is remanded for trial.

All concur.