995 F.Supp. 999 (1998)
Elaine A. RODERY, and Carl Rodery, Plaintiffs,
v.
HARDEE'S FOOD SYSTEMS, INC., Defendant.
No. 4:98-CV-75 CAS.
United States District Court, E.D. Missouri, Eastern Division.
February 24, 1998.
*1000 Richard A. Gartner, Partner, Rollings and Gartner, St. Charles, MO, for Plaintiffs.
Lawrence J. Permuter, Jerome F. Raskas, Sr., Partner, Goffstein and Raskas, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER OF REMAND
SHAW, District Judge.
This matter is before the Court on defendant's Memorandum of Law in Support of Removal. For the reasons which follow, the Court concludes it lacks subject matter jurisdiction over this action.
Plaintiffs initially filed suit in the Circuit Court for the City of St. Louis, Missouri. This case asserts claims for personal injury allegedly suffered by plaintiff Elaine Rodery when she fell on the premises of a Hardee's restaurant in Hazelwood, Missouri, and for loss of consortium by her husband, Carl Rodery. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. On January 27, 1998, the Court issued its Order Concerning Removal requiring defendant to establish to a legal certainty the existence of the requisite amount in controversy for diversity jurisdiction.

Discussion.
In response, defendant first challenges the standard to be applied by the Court in determining jurisdiction, contending that it need show only by a preponderance of the evidence that the minimum amount in controversy exists. This argument is unavailing. The cases defendant cites applying this standard are from other jurisdictions and are not binding on this Court. Federal courts apply differing standards to the issue of a removing defendant's burden to show the existence of the jurisdictional amount. See generally, 15 Moore's Federal Practice § 102.107[3] (3d ed.1997). In this Court, the "legal certainty" test is applicable. Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D.Mo.1997) (citing Visintine v. Saab Auto., A.B., 891 F.Supp. 496, 497 (E.D.Mo. 1995)).
Further, the two cases defendant cites from the Supreme Court and Eighth Circuit,[1] while binding on this Court, concern challenges to the sufficiency of the amount in controversy in diversity cases originally filed in the federal courts. Under those circumstances, not present here, the lesser "preponderance of the evidence" standard applies. See 15 Moore's, § 102.107[1].
Defendant next asserts that the claims of the two plaintiffs should be aggregated for purposes of determining the amount in controversy because (i) under Missouri law, a loss of consortium claim is a derivative suit, and (ii) in Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 816 (8th Cir.1969), the Eighth Circuit held under virtually identical circumstances that pendent party jurisdiction was properly invoked over a loss of consortium claim.
This argument is also unpersuasive. First, defendant's characterization of a loss of consortium claim under Missouri law is overly simplistic. As the Missouri Court of Appeals recently explained,
While it is often said that a consortium claim is "derivative", it is also said that a claim for loss of consortium is "separate and distinct" from the spouse's claim for her injuries, and that they are "two independent causes of action." We believe that these statements are best reconciled by the view that a consortium claim is a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury.
Wendt v. General Acc. Ins. Co., 895 S.W.2d 210, 213 (Mo.App. E.D.1995) (en banc) (internal citations omitted). Thus, personal injury and loss of consortium claims under Missouri law are not "common and undivided", as required for aggregation of claims under Zahn v. International Paper Co., 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), *1001 and Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 250 (8th Cir.1987).
Second, and more fundamentally, defendant's reliance on the Eighth Circuit's Hatridge decision for the proposition that the plaintiffs' claims should be aggregated is misplaced. Hatridge was a state court action brought by both spouses, which was removed to federal court although the wife's loss of consortium claim did not satisfy the requisite amount for diversity jurisdiction. 415 F.2d at 814-16. The Eighth Circuit relied on the principle of pendent jurisdiction to hold that subject matter jurisdiction existed over both claims. Following the Supreme Court's subsequent decision in Zahn, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511, the Eighth Circuit noted that this aspect of Hatridge was "probably vitiated" by the Zahn holding. State of North Dakota v. Merchants Nat'l Bank & Trust Co., Fargo, N.D., 634 F.2d 368, 372 n. 7 (8th Cir.1980); Fritts v. Niehouse, 604 F.Supp. 823, 829 (W.D.Mo.1984), aff'd without opinion, 774 F.2d 1170 (8th Cir.1985).
Having rejected these contentions, the Court examines defendant's other evidence and arguments in favor of removal. Defendant quotes the litany of injuries claimed in the plaintiffs' petition, and states that plaintiff Elaine Rodery has incurred medical bills and lost wages in the amount of $8,463.96. Defendant also cites one Missouri cases in which a plaintiff who sustained a broken ankle and had medical bills of over $11,000.00 was awarded damages of $100,000.00. Defendant offers no evidence to support the value of plaintiff Carl Rodery's loss of consortium claim.
Having considered the arguments and evidence offered by defendant in support of removal, the Court concludes that defendant has failed to show by to a legal certainty that both plaintiffs will recover an amount in excess of $75,000.00.[2]

Conclusion.
For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action, and the same should therefore be remanded to state court.
Accordingly,
IT IS HEREBY ORDERED that this case is REMANDED to the Circuit Court for the City of St. Louis, Missouri.
NOTES
[1] McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); State of Mo. ex rel. Pemiscot Co. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir.1995).
[2] Even if the preponderance of the evidence standard were applicable, the Court finds that defendant would not meet that standard, in part because there is no evidence of the value of the loss of consortium claim.