**John STINE, Appellant,**

v.

**Debbie WARFORD, Respondent.**

**No. WD 57423.**

Missouri Court of Appeals, Western District.

May 31, 2000.

---

Robert Desselle, Independence, for Appellant.

Charles Lawhorn and Shawn DeGraff, Shawnee Mission, KS, for Respondent.

RONALD R. HOLLIGER, Judge.

John Stine appeals the trial court's grant of Debbie Warford's motion to dismiss his claim against her for property damage resulting from an auto accident on April 26, 1998. At the time of the accident, Stine owned a 1975 Alpha Romeo being operated by his then daughter-in-law. Stine alleged in his petition that Warford negligently operated her motor vehicle and struck the vehicle he owned causing a total loss.

On March 6, 1996, Stine filed his claim in the Associate Division of the Jackson County Circuit Court. Warford was served in Florida on November 15, 1996, only three days before the summons return date.[1] At a point in time not indicated in the record on appeal, Warford filed her own claim in a Circuit Court Division of Jackson County against Stine's daughter-in-law seeking damages arising from the accident. Stine was not a party to that action. On August 29, 1997, a default judgment was entered in favor of Warford and against the daughter-in-law in the amount of $32,312.08. Warford was represented by the same counsel in both actions.

Stine's Associate Circuit claim was set for hearing on April 14, 1999. Just before trial, Warford filed a motion to dismiss "upon *res judicata* or collateral estoppel,"

which was originally overruled by the trial court. The court then heard evidence and took the matter under advisement for briefing by the parties. On June 21, 1999, the court sustained Warford's motion to dismiss. We are not favored on appeal with the transcript of an oral motion or the text of a written motion stating the ground upon which it was claimed that *res judicata* or collateral estoppel barred Stine's claim.

The parties seem to agree that the sole basis for the motion was that Stine's claim was barred by *res judicata* arising from the circuit court judgment against this daughter-in-law, or, alternatively, that the circuit court judgment barred the claim by collateral estoppel because it was based on a finding that the daughter-in-law was 100 percent at fault in the accident. On appeal Warford claims that the motion to dismiss was also proper because the daughter-in-law was negligent per se. We cannot determine whether this theory was advanced to the trial court but Stine makes no objection to its assertion on appeal.

Stine claims on appeal that the trial court incorrectly found that his claim was barred as a result of the judgment against his daughter-in-law. He contends the court improperly applied the doctrine of *res judicata* and collateral estoppel. Before considering Stine's claim, however, we must first consider Warford's claim that the court's dismissal ruling was really a judgment on the merits because the court entered its judgment after reviewing the pleadings, evidence and arguments of attorneys and briefs.

The sole basis for Warford's contention is the language in the court's judgment, "[A]fter having heard the evidence." As indicated previously, we have not been favored with a transcript of the proceedings. The record on appeal does not, therefore, indicate what evidence the court heard, whether it heard all of the evidence on the

---

1. RSMo 517.041 requires service to be made no less than 10 days prior to the return date but not more than 30 days. Respondent apparently does not raise any question about the service.

merits, or whether it heard only evidence pertaining to the motion to dismiss. The clear language of the judgment, however, shows that the court is ruling on Warford's motion to dismiss. It is of no particular significance that the court's ruling on the motion to dismiss comes before, during or after the trial. We, therefore, will review the court's action in sustaining that motion.

▪ Preliminarily, Stine contends that both *res judicata* and collateral estoppel are affirmative defenses that must be pled. Stine argues these defenses were waived because Warford filed no answer setting forth these affirmative defenses. Warford answers first that she was not required to file an answer asserting affirmative defenses based on RSMo. 517.031.2, which permits filing of affirmative defenses later than the return date of the summons only upon leave of court. Warford also argues that, because she was served with the summons only three (3) days before the return date, she could not be expected to file an answer by that date; further, she asserts that, since the judgment she obtained was not entered until November 1999, her affirmative defense did not even exist at the time her answer would have been due on the return date of November 18, 1996. Finally, she contends that the issues of *res judicata* and collateral estoppel were tried by consent of the parties.

Rule 41.01(d) states that Rule 41.01 through Rule 101 apply to civil actions pending in the associate circuit court "except where otherwise provided by law." Warford's first argument ignores the clear dictate of RSMo. 517.031.2 that "affirmative defenses shall be filed in writing not later than the return date." She counters, however, that she had insufficient time between the date of service and return date. Section 517.031.2 provides the court leave to allow filing at a later date. Rule 55.33 also permits amendment of an answer by leave of court. Even if the facts

constituting the affirmative defense do not exist at the time of the return date, Rule 55.33 provides that leave to amend "shall be freely given when justice so requires." We reject Warford's argument that she was not subject generally to the rules requiring defenses to be filed in writing. Rule 55.08 specifically lists collateral estoppel and *res judicata* as defenses of avoidance that must be pled.

▪ Warford argues that, nevertheless, the defense of *res judicata* can be asserted by "motion to dismiss." [2] She argues that, regardless of Rule 55.08, the practice of raising *res judicata* by a motion to dismiss is longstanding and approved of in *Heins Implement Company v. Missouri Hwy. & Transp. Com'n,* 859 S.W.2d 681, 685 (Mo. banc 1993). Warford misstates the analysis and holding in *Heins.* The court did acknowledge the similarities between *res judicata,* citing *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 498–99 (Mo. banc 1991), and the defense of failure to state a claim upon which relief can be granted; the latter defense is explicitly authorized to be raised by motion in Rule 55.27(a).[3] The *Heins* court also acknowledged the holding in *Johnson v. Raban,* 702 S.W.2d 134, 135–36 (Mo.App.1985) allowing the assertion of a claim preclusion defense after the time for an answer but well before trial. In *Heins,* however, the issue was first raised in the defendant's motion for judgment notwithstanding the verdict. Although here the issue was raised immediately before trial, we agree with the statement in *Heins* that neither *King* nor *Raban* permit the raising of the defense so late in the trial process.

> . . . [a] defendant should not be able to hold preclusion in reserve as a 'stealth defense' long after the time for raising substantive defenses has passed. *See Rule 55.27(f).* Res judicata, as well as other affirmative defenses, must be

---

**2.** She makes no similar claim with regard to the defense of estoppel.

**3.** The defense of failure to state a claim upon which relief can be granted is never waived. Rule 55.27(g)(2).

pleaded in the answer, *Rule 55.08;* or raised by amendment to the pleadings, *Rule 55.33;* or presented by a timely motion filed in compliance with *Rule 55.27(f)* or otherwise.

859 S.W.2d at 685. It was 20 months between the date of the judgment asserted as a defense and the beginning of trial in this case. Warford could have sought to assert the defenses long before the start of trial. The defenses were not, therefore, timely raised.[4]

■ We must address one further preliminary question to determine whether Warford may not rely on her affirmative defenses. Stine was responsible for providing a record on appeal adequate for the court to decide the issues presented. Rule 81.12(c). He chose not to provide a transcript of any proceedings. Nothing in the legal file indicates that he made any objection to the untimely assertion of an affirmative defense. There is no transcript from which we can glean any such objection at the time the motion to dismiss was filed, any objection during trial to the motion, or any objection to evidence produced in support of the affirmative defense. Even though Warford failed to timely assert her affirmative defenses, that failure is excused if waived by failure to object or if tried by consent of the parties. *Heins,* 859 S.W.2d at 685; Rule 55.33(b). It was Stine's obligation to preserve an objection at trial and present that objection to this court. *State v. McKibben,* 998 S.W.2d 55, 59 (Mo.App.1999); *Chilton v. Gorden,* 952 S.W.2d 773, 777 (Mo.App.1997). Because he has presented no record demonstrating his objection, we consider the issue to have been tried by consent of the parties. *Heins,* 859 S.W.2d at 685. We, therefore, must consider the affirmative defenses of collateral estoppel and res judicata on the merits.

■ The concepts of res judicata and collateral estoppel are related but possess different characteristics. *Res judicata* precludes the same parties from relitigat-ing the same claim ("claim preclusion"); collateral estoppel precludes the same parties from relitigating an issue which has been previously adjudicated ("issue preclusion"). *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979). We must first consider whether the same claim is asserted and whether the parties are the same. Obviously Stine was not a party to the other action; nevertheless, if he was in privity with his daughter-in-law defendant in that action, *res judicata* may be applied. *Robin Farms, Inc. v. Beeler,* 991 S.W.2d 182, 185 (Mo.App.1999). Warford's only basis for claiming privity is the in-law relationship and that Stine was the owner of the car. She cites no authority for the proposition that these facts establish privity in the context of *res judicata.* Privity, as a basis for satisfying the "same party" requirement of *res judicata,* is premised on the proposition that the interests of the party and non-party are so closely intertwined that the non-party can fairly be considered to have had his or her day in court. *Burke v. L & J Food and Liquor, Inc.,* 945 S.W.2d 662, 664 (Mo.App. 1997).

By such a test Warford's defense must fail. Warford claims that, because the driver was Stine's daughter-in-law, they were in privity for *res judicata* purposes. In *Burke, supra,* this court held that, even where parties were married, that fact alone did not satisfy the privity requirement. *Id.* at 664–65. Nor is the identity of claim test satisfied. The claim here is for property damage. It is not a claim that Stine's daughter-in-law could have asserted by way of counterclaim as she admittedly had no ownership interest in the vehicle. Even in the case of a spouse's consortium claim, this court has held that the claim did not satisfy the identity test. *Maddox v. Truman Medical Center, Inc.,* 727 S.W.2d 152, 155 (Mo.App.1987). Even co-owners of a vehicle were not in sufficient privity to bar a separate claim by one for the property damage after another

---

**4.** The Supreme Court has made a similar analysis regarding the defense of collateral estoppel. *Green v. City of St. Louis,* 870 S.W.2d 794, 797 (Mo. banc 1994).

judgment (involving the other co-owner) had resolved the issue of liability for personal injuries. *Poetz v. Klamberg,* 781 S.W.2d 253, 255 (Mo.App.1989).

Warford also claims that collateral estoppel precludes the relitigation of the issue of her negligence because the circuit court judgment against the daughter-in-law implicitly found that Warford was not negligent. Collateral estoppel does not require the identity of claims and may be asserted by strangers to the original action. *Oates, supra.* Warford's claim must fail for several reasons. Collateral estoppel has four elements: (1) the issue decided must be identical; (2) the prior litigation must have resulted in a final decision on the merits; (3) the party to be estopped must have been a party or in privity with a party to the prior adjudication, and (4) that party must have had a full and fair opportunity to litigate the issue in the prior suit. *Galaxy Steel & Tube, Inc. v. Douglass Coal & Wrecking, Inc.,* 928 S.W.2d 420, 422 (Mo.App.1996). Mere ownership of the vehicle would not be the basis for imputing any negligence of the daughter-in-law to Stine as the owner. *Stover v. Patrick,* 459 S.W.2d 393, 401 (Mo. banc 1970). None of the elements are satisfied by a default judgment against a party not in privity with Stine. No authority is cited to support the extension of the collateral estoppel doctrine to a case like this. Any such extension would be inconsistent with the policies underlying the doctrine. For these same reasons negligence per se does not bar this claim.

The court therefore erred in granting the motion to dismiss based on either *res judicata* or collateral estoppel. The judgment is reversed and the cause remanded to the trial court for further proceedings.

HAROLD L. LOWENSTEIN, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.