174 F.Supp.2d 982 (2001)
Billy G. MCCLURE, et al., Plaintiffs,
v.
The RAYMOND CORPORATION, et al., Defendants.
No. 1:01-CV-137 CAS.
United States District Court, E.D. Missouri, Southeastern Division.
November 21, 2001.
*983 C.H. Parsons, Jr., President, Mary L.D. Griffith, Associate, Parsons and Wilson, P.C., Dexter, MO, for plaintiffs.
Dan H. Ball, Kevin A. Sullivan, Thompson Coburn, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant Material Handling Associates, Inc.'s compliance with the Order Concerning Removal, and plaintiffs' Response. For the following reasons, the Court concludes it lacks subject matter jurisdiction over this matter, and the case must be remanded to state court.

Background.
Plaintiffs initially filed suit in the Circuit Court of Scott County, State of Missouri. This case arises out of personal injuries allegedly suffered by plaintiff Billy G. McClure when a forklift he was operating malfunctioned. Plaintiff Billy G. McClure asserts products liability claims against the defendants for negligent design, manufacture and failure to warn, strict liability product defect and strict liability failure to *984 warn. Plaintiff Cheryl McClure asserts a claim for loss of consortium. Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.
As noted in the Order Concerning Removal, the petition states that plaintiff Billy G. McClure's damages are for an amount "in excess of $50,000.00," and the prayer in each count with respect to this plaintiff seeks damages in a "fair and reasonable amount." The prayer in plaintiff Cheryl McClure's loss of consortium count seeks damages in a "fair and reasonable sum." In the removal notice, which is joined in by the other defendants, defendant Material Handling Associates, Inc., asserted on "information and belief" that the amount in controversy exceeds the $75,000.00 jurisdictional amount. The Court directed defendant to establish that an amount in excess of $75,000.00 is actually in controversy. Plaintiffs were given an opportunity to file a response and have done so.

Discussion.
As the party seeking removal, defendant has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993) (citation omitted). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Id.; see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).
With respect to the issue of the amount in controversy, the circumstances presented in a case such as this have been discussed by commentators Wright, Miller & Cooper:
A special difficulty arises when the state in which the federal court is sitting either does not require that the complaint contain a demand for a specific monetary amount, or expressly forbids the inclusion of such a demand, or requires only that more than a certain amount be alleged. The federal courts have had some difficulties in measuring the amount in controversy when the complaint is silent or inconclusive and either have looked to the petition for removal, have made an independent appraisal of the monetary value of the claim or suggested that the defendant was free to do so, or have remanded the action. When the removal petition or the record before the federal court contains enough information to make a judgment on the matter, the court should do so.
Federal Practice & Procedure: Jurisdiction 2d, § 3725, pp. 423-24 (1985). This Court has typically been inclined to make an independent appraisal of the monetary value of the claim where there is a reasonable basis for doing so, bearing in mind the removing defendant's burden of proof on the issue.
Defendant asserts that plaintiff Billy G. McClure has claimed serious and permanent injuries, undergone multiple surgeries and incurred medical bills in excess of $123,000.00, and that there is a workers' compensation lien in the amount of $211,629.14. In addition, Mr. McClure missed approximately a year and a half of work. The Court concludes that defendant has met its burden to establish that plaintiff Billy G. McClure's claims are for an amount in excess of the jurisdictional minimum.
*985 Each plaintiff in a removed case, however, must satisfy the jurisdictional amount in controversy, unless they "unite to enforce a single title or right in which they have a common and undivided interest." Zahn v. International Paper Co., 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (citing Snyder v. Harris, 394 U.S. 332, 336-37, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)). This Court has previously held that under Missouri law, claims for personal injury and loss of consortium are not "common and undivided" and cannot be aggregated. See Rodery v. Hardee's Food Systems, Inc., 995 F.Supp. 999, 1000-01 (E.D.Mo.1998).
Defendant asserts its belief that plaintiff Cheryl McClure's loss of consortium claim is for an amount in excess of $75,000.00, based on the amount of work missed by Billy G. McClure and his multiple surgeries and significant recuperation and recovery. Defendant does not offer any evidence to support its assertion that the jurisdictional amount is met with respect to Cheryl McClure's claim, and plaintiffs assert that her claim is for an amount less than $75,000.00. Considering that any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand, the Court finds defendant's belief alone is insufficient to meet its burden to establish the existence of the jurisdictional minimum.[1]
Defendant also asks the Court to reconsider its holding in Rodery, arguing that under Missouri law, consortium claims are common and undivided because a loss of consortium claim is completely dependent upon the validity of the personal injury claim, citing Lear v. Norfolk & Western Ry. Co., 815 S.W.2d 12, 13 (Mo.App. W.D. 1991). Defendant also asks that in the event the Court concludes it lacks jurisdiction over Cheryl McClure's claim, the plaintiffs' claims be severed and jurisdiction retained over Billy G. McClure's claims.
This Court reaffirms its holding that for purposes of federal jurisdiction analysis, loss of consortium claims under Missouri law are not "common and undivided." The Missouri Court of Appeals has explained in that while it is often said a loss of consortium claim is "derivative" and that such a claim is "separate and distinct" from the spouse's claim for injuries, "[T]hese statements are best reconciled by a view that a consortium claim is a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury." Wendt v. General Acc. Ins. Co., 895 S.W.2d 210, 213-14 (Mo.App. E.D.1995) (en banc). The court recently reaffirmed that "Missouri recognizes a loss of consortium claim as a separate and distinct personal injury claim." Wright v. Barr, No. WD 59067, 2001 WL 1262324, *23, ___ S.W.3d ___ (Mo.App. W.D. Oct.23, 2001) (citations omitted) (rejecting argument that personal injury plaintiff and his wife, who claimed loss of consortium, were a single plaintiff under the noneconomic damage cap of Mo. Rev.Stat. § 538.210 (2000)). In Wright, the court explained that two separate and distinct causes of action can result from an injury to a married person, the first belonging to the person injured, and the *986 second to the spouse. Id. The loss of consortium claim is derivative of the injured spouse's claim, meaning that "the defendant must be proved to have caused the original injury, which in turn caused the spouse to suffer." Id. (quoting Burke v. L. & J. Food and Liquor, Inc., 945 S.W.2d 662, 664 (Mo.App. W.D.1997)). One spouse may not receive damages for loss of consortium if the other is not injured, but "one spouse suffering injuries does not automatically entitle the other to damages for loss of consortium." Id. (citation omitted). The loss of consortium claim "encompasses the other spouse's loss of affection, care, companionship, and services, as well as an impairment or destruction of the sexual life of the married couple, due to the conduct of a tortfeasor." Id. (citations omitted).
The foregoing discussion of the nature of a loss of consortium claim under Missouri law makes evident that a person suffering personal injury and a spouse claiming a loss of consortium do not "unite to enforce a single title or right in which they have a common and undivided interest" under Zahn, 414 U.S. at 294, 94 S.Ct. 505. In this case, each plaintiff is making a claim for separate and distinct personal injuries, although Cheryl McClure's claim is occasioned by her spouse's injuries. As such, the claims are not "common and undivided" because Missouri law does not create a single right of recovery. See 15 Moore's Federal Practice, § 102.108[3][b] (3d ed.2001).
The Court concludes defendant has failed to establish that Cheryl McClure's claim is for an amount in excess of the jurisdictional minimum, and therefore the Court lacks subject matter jurisdiction over this action.
In the exercise of its discretion, the Court declines to sever the plaintiffs' claims in order to retain jurisdiction over Billy G. McClure's claims. Rule 21 of the Federal Rules of Civil Procedure, authorizes severance of parties and claims "on such terms as are just." FedR.Civ.P. 21. In this case, the plaintiffs' claims arise from the same nucleus of fact, and it is in the interest of justice, fairness and judicial economy that they be tried together. It would place an undue and unwarranted financial burden on the plaintiffs to require them to try their claims separately in order to satisfy defendant's desire to obtain a federal forum, and would result in duplicative litigation in the federal and state courts. Defendant's request for severance should therefore be denied.

Conclusion.
As the party invoking the Court's jurisdiction, defendant has failed to meet its burden of establishing that jurisdiction exists as to each plaintiff. For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction over this case and remand is required. The Court will deny defendant's request to sever plaintiffs' claims.
Accordingly,
IT IS HEREBY ORDERED that defendant's request to sever plaintiffs' claims is DENIED.
IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court of Scott County, State of Missouri.
An appropriate order of remand will accompany this memorandum and order.
NOTES
[1] The Eighth Circuit does not appear to have established the appropriate burden of proof to be applied in removal cases where the plaintiff has sought an unspecified amount of damages. The Court recognizes the split of authority within this district on the issue. Nevertheless, defendant has failed to meet its burden of proof under either the preponderance of the evidence standard of Commercial Coverage, Inc. v. Paradigm Ins. Co., 998 F.Supp. 1088 (E.D.Mo.1998), or the legal certainty standard of Rodery v. Hardee's Food Systems, Inc., 995 F.Supp. 999 (E.D.Mo. 1998).